### In re CURTIS et al.

(Circuit Court of Appeals, Seventh Circuit. June 6, 1899.)

#### No. 575.

BANKRUPTCY—PETITIONING CREDITORS—ESTOPPEL.

A debtor made a general assignment for the benefit of creditors under a state statute providing for the administration and distribution by the state courts of estates so assigned, and requiring creditors to file their claims within three months after notice from the assignee, on pain of being postponed until all proving creditors were paid in full. The time having not yet arrived when a petition in involuntary bankruptcy could be filed under the act of 1898, certain creditors filed their claims with the assignee; being then in ignorance of facts tending to show that the assignment was fraudulent, and that the debtor had disposed of property in fraud of creditors. No dividend was declared under the assignment, nor any judicial action taken on the claims filed. *Held,* that such creditors were not estopped to maintain a petition in involuntary bankruptcy against the debtor.

Appeal from the District Court of the United States for the Southern District of Illinois.

In bankruptcy. On August 11, 1898, the bankrupts, who are surviving partners of Levi H. Henry, deceased, doing business as the Bank of Waverly, in

the Southern district of Illinois, made a voluntary assignment for the benefit of their creditors, under the statutes of the state of Illinois (2 Starr & C. Ann. St. [2d Ed.] p. 2174 et seq., c. 72, §§ 37–51), to Ausben W. Reagal, who duly qualified and entered upon the discharge of his duties, and, pursuant to section 38 of the chapter, notified creditors to present their claims within three months. The forty-sixth section of the chapter provides that creditors not so filing their claims shall not participate in dividends until after payment in full of all claims so presented. Under that notice the creditors who subsequently presented the petition in bankruptcy in the court below filed their respective claims with the assignee in the months of August and October, 1898. On November 1, 1898, the requisite number of creditors filed their petition in the district court, seeking an adjudication of bankruptcy against their debtors. By an amended petition filed by leave of the court on November 25, 1898, the creditors set forth, not only the general assignment as an act of bankruptcy, but also certain fraudulent transfers by the debtors, of which they asserted they were ignorant at the time of the filing of their claims under the assignment. No proceedings were had upon the claims filed with the assignee, with the exception of the claim of Caruthers, which proceeding is not considered by the court, for the reason that, omitting this claim, a sufficient number of creditors joined in the petition. No dividend was declared under the assignment, and no action by the court was had upon the claims presented, with the exception stated, until the 29th of November, 1898, and after the filing of the amended petition in bankruptcy, and that merely an order allowing the claims unless objections thereto should be filed within 30 days thereafter, and such action was without the knowledge or consent of the petitioning creditors. On the 24th of January, 1899, a decree of bankruptcy passed, from which decree on the 1st day of February, 1899, an appeal was allowed to this court. The opinion in the court below is reported in 91 Fed. 737, 1 Nat. Bankr. News, 163.

Logan Hay and Samuel P. Wheeler, for appellants.
Bluford Wilson and P. B. Warren, for appellee.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

JENKINS, Circuit Judge, upon the foregoing statement of facts, delivered the opinion of the court.

We do not find occasion upon this appeal to deal with the interesting and important question determined by the court below,—whether upon the going into effect of the bankrupt law a general assignment for the benefit of creditors under a state law is void, or voidable merely upon attack by creditors through proceedings in bankruptcy, for upon other grounds we are of opinion that the adjudication was correct. The question is one not free from difficulty, and one upon which the courts are not wholly at agreement. In re Gutwillig, 90 Fed. 475, affirmed upon appeal in 92 Fed. 337; In re Smith, Id. 135; In re Romanow, Id. 510.

It is urged that the petitioning creditors, from the mere fact of filing their claims with the assignee under the general assignment, are estopped to attack that assignment. We do not think that, strictly speaking, there is here any estoppel in pais. Such an estoppel arises from acts or conduct which have induced change of position by another in accordance with the real or apparent intention of the party against whom the estoppel is asserted. But here there has occurred no action induced by the presentation to the assignee of the claims of the petitioning creditors. There was no change of position by him. No dividend was declared, no action taken upon the claims until subsequent to the filing of the amended petition in

bankruptcy. If the petitioning creditors are precluded from asserting their supposed rights in the bankruptcy court, it is not because of any estoppel that has been wrought by their conduct, but because they have elected a particular remedy, and cannot be heard to invoke another or inconsistent remedy. We are not inclined to dispute the general principle which underlies the doctrine of the election of remedies, nor have we any contention with the rule which denies to a creditor who has knowingly participated in the execution of a conveyance prohibited by law the right to impugn that conveyance. We need not, therefore, review the numerous cases presented to our consideration upon that question.

At the time of the filing of these claims the creditors were in a peculiar position. Unless such claims were presented within three months from the 19th of August, 1898, payment of any part of them would be postponed to the payment in full of all claims presented within that time. It was not permitted by the law to file an involuntary petition in bankruptcy prior to the 1st day of November, 1898, and whether the proper combination of creditors in number and amount could then be procured to join in such petition may have been problematical. Under such circumstances, it would hardly have been the part of prudence to have delayed the filing of the claims; for, if the bank in question had possessed quick assets, a dividend might have been declared and paid before the bankrupt court could be properly invoked in protection of their rights. This, however, may possibly not excuse, if the election of remedy was deliberate and intelligent. The principle which underlies the doctrine of election is held, in general, to be as stated by Mr. Bigelow in his work on Estoppel (5th Ed. pp. 679, 683),—that any decisive act done by a person with knowledge of his right and of all other facts material to him is binding. And this is, in substance, the rule asserted by the supreme court in Robb v. Vos, 155 U. S. 13, 43, 15 Sup. Ct. 4. We had occasion to consider this question of election of remedies in Oil Co. v. Hawkins, 46 U. S. App. 115, 20 C. C. A. 468, and 74 Fed. 395; and we there held that, to constitute a valid election, the act must be with the full knowledge of the circumstances of the case, and of the right to which the person put to his election was entitled, and that, if one party elects a remedy in ignorance that he may have pursued a better remedy, he may change his position, if the change will impose no detriment, in a legal sense, upon the opposing party. We do not think it needful, in view of that decision, to enlarge upon the subject, and need only inquire whether the facts here present a case which falls within the principle there declared. It is shown by the record that certain transfers of property by the bankrupts were made, which the petitioning creditors insisted were fraudulent, and certain other frauds are asserted, which need not be here detailed, and that knowledge of these fraudulent transactions was not possessed by the petitioning creditors prior to the 1st day of November, 1898, when this petition was presented; that their claims were filed under the assignment in ignorance of these alleged fraudulent transactions. Under the circumstances, and considering that no legal detriment has resulted to any one from the filing of

claims under the assignment, we are of opinion that the petitioning creditors are not precluded by the mere fact of filing their claims with the assignee from selecting another forum, in which, as they think, their rights as against supposed fraudulent transactions may be the better protected. The claims were filed in the belief that the transactions of the bankrupts were fair and honest and in the interest of their creditors. No one has been harmed by that act. No one has received any benefit from it, or suffered any detriment because of it. Having now discovered facts which tend to show that this assignment was fraudulent, and that the debtors have disposed of property with a view to defraud creditors, we perceive no just reason to deny the petitioning creditors the right to appeal to the courts of bankruptcy, where such matters are properly, if not now exclusively, cognizable, for the assertion of their rights. The decree is affirmed.

GROSSCUP, Circuit Judge, sat at the hearing, and concurred in the decision of this cause, but, by reason of illness, had no share in the preparation of the opinion.