## DURHAM PAPER CO. et al. v. SEABOARD KNITTING MILLS.

(District Court, E. D. North Carolina. February 28, 1903.)

1. BANKRUPTCY—PETITION—PRESENTATION—RIGHTS OF CREDITORS—ESTOPPEL.
    Where a creditor participated in a general assignment by the debtor under state assignment laws, he is estopped from subsequently filing or becoming a party to an involuntary bankruptcy petition to avoid the assignment.

In Bankruptcy.

Victor S. Bryant, for petitioning creditors.
Jas. H. Pou, for bankrupt.

PURNELL, District Judge. A petition asking for an adjudication in bankruptcy of the Seaboard Knitting Mills was filed, alleging, as the act of bankruptcy, a general assignment. The answer admits the assignment, made nearly four months before the filing of the petition, and that the corporation is insolvent. As a defense the answer alleges petitioners have filed their verified claims with the clerk of the superior court, as required by the state assignment law, and permitted the property to be sold and a large part of the proceeds disbursed; hence have made themselves parties to the assignment, acquiesced therein, and are estopped from joining in a petition to have defendant corporation adjudged a bankrupt. The material allegations of the answer are proved by letters and exhibits filed therewith and not denied.

In a proceeding, the facts of which were very similar, almost identical, with those here presented (Simonson v. Sinsheimer, 37 C. C. A. 337, 95 Fed. 948), Judge Taft, delivering the opinion of the Circuit Court of Appeals of the Sixth Circuit, held:

"Where a debtor makes a general assignment for the benefit of his creditors, and judicial proceedings are instituted to enforce and carry out the assignment, creditors who, on being made parties to such proceedings, do not repudiate the assignment, nor begin proceedings in bankruptcy, but file their claims under the assignment, and participate in the administration of the estate, and suffer the assignee to sell the property and collect the proceeds, involving a delay of several months, and that the incurring of costs and expenses, are estopped thereafter to file a petition in involuntary bankruptcy against the assignor, based solely on the ground of the assignment."

There are other decisions to the same effect. The reasoning and authorities cited seem to be conclusive. True, the Circuit Court of Appeals of the Seventh Circuit, in In re Theodore E. Curtis et al. 2 Am. B. R. 226, 94 Fed. 630, held, under somewhat similar circumstances, the petitioners were not estopped; but the distinction lies in the fact that in the latter case the petitioning creditors had simply filed their claims as required by the state law, but had not by any other act assented to or participated in or made themselves parties to the assignment complained of as an act of bankruptcy.

A general assignment is per se an act of bankruptcy, and ipso facto void under the bankrupt act on the filing of a petition, but a petitioner who participates in, receives benefit under, or assents to a general assignment, valid under the laws of the state, is estopped from afterwards filing or becoming a party to a petition in bankruptcy to avoid such assignment.

It is therefore ordered that the petition herein be dismissed.