MOULTON v. COBURN et al.

In re GEORGE M. COBURN & CO.

(Circuit Court of Appeals, First Circuit. July 6, 1904.)

No. 521.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—WITHDRAWAL OF PETITION FOR LEAVE TO JOIN AS PETITIONER.

A court of bankruptcy is authorized, in its discretion, to permit the withdrawal of a petition filed by a creditor asking leave to join in a petition in bankruptcy which had been filed against the debtor, when no action had been taken thereon, and the right of such creditor to become a petitioner was not free from doubt.

2. SAME—WHO MAY BECOME PETITIONERS—CREDITORS ASSENTING TO ASSIGNMENT.

A creditor who has assented in writing to the terms of a common-law assignment for the benefit of creditors, unless under special circumstances, is not entitled to join in an involuntary petition alleging as the sole act of bankruptcy the making of such assignment; being estopped by his election between his rights under the assignment and those under the bankruptcy law.

3. SAME—NUMBER OF CREDITORS.

To entitle less than three creditors to maintain a petition in involuntary bankruptcy, it must appear that there were less than twelve creditors at the date of the filing of the petition.

Appeal from the District Court of the United States for the District of Massachusetts.

For opinion below, see 126 Fed. 218.

Lee M. Friedman (Godfrey Morse, on the brief), for appellant.

Charles K. Cobb (William D. Whitmore, Jr., on the brief), for appellees.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. The original petition in involuntary bankruptcy was filed by a single creditor. It alleged as the sole act of bankruptcy an assignment for the benefit of creditors, and that there were less than twelve creditors. In fact, there were at the date of filing the petition about thirty creditors. An attempt was made to increase the number of petitioners in accordance with section 59d of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]). The District Court held that there were but two proper petitioners, and more than twelve creditors, and dismissed the petition. The petitioner, Moulton, now appellant, contends that the dismissal of the petition was erroneous; claiming, first, that there were three or more proper petitioners; second, that at the date of hearing there were less than twelve creditors who could be counted, and therefore that a single petitioner was sufficient. We find no error in the ruling of the District Court that there but two proper petitioners.

After answer setting up the existence of some thirty creditors, the Tripp Giant Leveler Company, a corporation, on September 2, 1903, filed

an intervening petition praying "that it may be allowed to adopt the allegations set forth in the petition in the above-entitled case, and join in said proceedings, and become a petitioning creditor therein." Subsequently, on September 28, 1903, it filed a second petition, asking "that it may be allowed to withdraw its petition to join in the petition against the above-named bankrupts, and become one of the petitioning creditors." This petition was, by order of court, referred to a referee to ascertain facts and report thereon, under rule twelve of general orders in bankruptcy (89 Fed. vii, 32 C. C. A. xvi). On November 13, 1903, the referee reported certain facts, with his conclusion that the first petition of the Tripp Giant Leveler Company was filed "under mistake and misapprehension, as the company had already assented to the assignment in the manner above stated." The District Judge, upon consideration of the facts, held that the joinder in the petition was under a misunderstanding or mistake of fact; that the withdrawal was not necessarily governed by In re Cronin (D. C.) 98 Fed. 584; and, as an exercise of discretion, granted the petition to withdraw.

The appellant contends that the withdrawal of a petitioner should in no way invalidate the bankruptcy proceedings to which he has become a party, and cites In re Bedingfield (D. C.) 96 Fed. 190; In re Cronin (D. C.) 98 Fed. 584.

The present case, however, differs essentially from a case in which one of three original petitioners in involuntary bankruptcy seeks to withdraw, and thereby to impair the rights of his co-petitioners. There had been no express joinder in the original petition, but merely a petition that the Tripp Company be allowed to join, and a withdrawal of this petition before any final action of the court, making it a party to the original petition.

The right of the Tripp Company to become a petitioning creditor was not free from doubt, and was at least a contestable right. Before the filing of its intervening petition, the treasurer of the corporation had authorized Adams to assent to the assignment upon a condition which was complied with, and Adams on August 14, 1903, had signed a document on behalf of the corporation expressing its assent to the assignment. Forgetting or without bearing in mind his previous authorization of Adams, the treasurer authorized the filing of the intervening petition for leave to join in the original petition. Subsequently the corporation decided to adhere to the first action of its treasurer.

The appellant questions the legality and sufficiency of the authorization of Adams, and of the execution of the document expressing the assent of the corporation to the assignment. We do not consider it necessary to consider these questions, for, even were there a defect in the execution of the document, the circumstances were clearly of such a character as to justify the corporation in adhering to and ratifying the action of Adams, and to give the District Court discretion to permit the withdrawal of such an intervening petition as was filed by the corporation.

Fogg, assignee of the Manufacturers Die Company, was clearly not a qualified petitioner, since his assignor was not the real creditor. The Graton & Knight Manufacturing Company, assignor to Atherton, before the bankruptcy proceedings, had assented to the assignment.

Atherton therefore acquired only the rights of a creditor who had already assented to an assignment.

A creditor who has assented in writing to the terms of a common-law assignment for the benefit of creditors is not entitled ordinarily to join in an involuntary petition alleging, as the sole act of bankruptcy, the making of the general assignment to which he has expressly assented. This is not because he has ceased to be a creditor, but because, having voluntarily elected that the bankrupt's estate shall be administered under the assignment, and having accepted the provisions of the deed of trust, he is thereby estopped from action inconsistent with the agreement. Lowell on Bankruptcy, § 51. While special circumstances might entitle a creditor to repudiate his agreement, or relieve him from the consequences of an election, no such circumstances are presented in this case. The decision of the Circuit Court of Appeals for the Seventh Circuit in Re Curtis, 94 Fed. 630, 36 C. C. A. 430, was upon a petition setting up facts so different from those before us that the case is not in point.

The acceptance of the terms of the assignment was not an unlawful agreement, but an assent to an arrangement which, though voidable by an adjudication in bankruptcy, until such time was valid. In re Chase, 124 Fed. 753, 59 C. C. A. 629. The creditor's assent to the assignment therefore could not be repudiated as an unlawful agreement.

It must be assumed that the assenting creditor had knowledge of his rights under the bankruptcy act, and voluntarily chose to assent to the terms of the assignment in preference to exercising his rights under the act. Here was a complete election between rights under the assignment and rights under the bankruptcy act. That one small creditor alone cannot file a petition in bankruptcy, that he may have doubts of his ability to induce other creditors to join him, and that his remedy by a petition in bankruptcy is dependent upon the co-operation of other creditors, does not justify him in assenting to an assignment, and afterwards repudiating it if he can find a sufficient number of creditors to join him in a petition. The election results from his choice of rights which are inconsistent with the enforcement of rights under the bankruptcy act. That he may not have an individual right to prefer a petition in bankruptcy does not render impossible an election between such rights as the act confers and rights under an assignment. He has chosen between two rights, one of which is derived from an instrument in which a clear intention appears that he should not enjoy both. Simonson v. Sinheimer, 95 Fed. 948, 37 C. C. A. 337; Brandenburg on Bankruptcy (3d Ed.) § 923.

It followed that there were but two proper petitioners, and that it was incumbent upon them to prove that the number of creditors was less than twelve.

At the date of filing the petition, there were about thirty creditors. Afterwards thirteen assented to the assignment. The appellant claims also that thirteen other creditors, after filing the petition and before answer, had sold and assigned their claims in such manner that they were controlled by the assignee or the respondents.

The appellant contends that the count of all creditors to determine

the sufficiency of the number of petitioners is to be made at the date of hearing, and that at this date the number of creditors had been reduced to less than twelve who could be counted, and argues that section 59d of the bankruptcy act expressly fixes a time other than the filing of the petition for the fixing of the status of the bankruptcy proceedings.

It is true that, according to express provisions of the statute, the sufficiency of the number of petitioning creditors is to be determined as of the date of hearing, and not as of the date of filing the original petition. Upon the joinder of three or more creditors, the allegation of the original petition that the creditors are less than twelve in number becomes immaterial, since the statute prescribes a special procedure for securing the number of creditors required by the first clause of section 59b. It is also probably true that the adjudication in such a case will relate to the date of the original petition, and that the continuity of the proceeding will be regarded as unbroken, although at the date of filing a sufficient number of creditors had not asserted their rights to an adjudication. Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866.

But while we find in the statute an express privilege to creditors to join in a petition, we find nothing to contravene the ordinary rule of law that the allegations of a declaration, bill, or petition are to be disposed of as of the time of filing or of beginning the suit. Thus we find in the statute nothing to indicate that creditors whose debts are created after the filing of a petition are entitled to join, or that a bankrupt may defeat a petition by increasing the number of his creditors between the filing of the petition and the time of answer. That the statute permits a creditor to become a party to a proceeding already begun affords no indication that the substantial rights of the parties are to be determined as of any other date than that fixed by the filing of the original petition. An answer which asserts that the number of creditors is twelve or more is not a denial of the act of bankruptcy, but only of the sole petitioner's right to proceed. The statute provides a special method of obviating this objection, and, as we have said, makes this allegation of the number of creditors immaterial; but otherwise the case stands as before, and the rights must be determined according to the allegations of the petition.

The statutory right of a single creditor to have his debtor adjudged a bankrupt exists only under special circumstances, namely, that his claim shall be sufficient in amount, and that all of the creditors shall be less than twelve. Assuming that since the filing of the petition the number of creditors is reduced to twelve, it is nevertheless true that at the date of filing the petition there existed no right under the statute, and that the right came into existence at a later date. Evidence that a creditor subsequently to the filing of the petition came within the provisions of the statute does not prove that at the time of filing of his petition he had any rights under the statute.

We are of the opinion that the District Court was right in holding that, upon a petition by less than three creditors, it must appear that there were less than twelve creditors at the date of filing the petition, and therefore that the subsequent acts of the creditors and of the volun-

tary assignee need not be considered. To take any other date for the count would result in uncertainty and confusion. The date at which a creditor's rights accrue under the bankruptcy act is a matter of material consequence. While the statute gives to creditors who intervene in a sole petition the right to proceed as parties to that petition, we find in the statute no evidence of an intention that rights not existing at the date of the petition can be made effective thereunder, or that a sole petition alleging what is not true—that there are but twelve creditors—can be validated at some indefinite subsequent time by a reduction of the number of creditors.

The decision of the District Court is affirmed, and the appellees recover their costs of appeal.