In re HENRY CAMPE & CO.

(District Court, N. D. California, First Division. February 8, 1917. On Motion to Dismiss Petition, March 2, 1917.)

No. 10413.

1. BANKRUPTCY ☞76(3)—PETITION—RIGHT OF CREDITOR.
    A creditor, who has assented to an assignment by his debtor, may not thereafter file an involuntary petition in bankruptcy against the debtor, based on such assignment.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 97.]

2. BANKRUPTCY ☞76(3)—INVOLUNTARY PETITION—RIGHT OF CREDITORS.
    Where a creditor assented to an assignment by his debtor, which made no attempt to follow the state law relating to assignments for benefit of creditors, the creditor cannot, on the ground that the assignment was not recorded and no inventory filed in accordance with the state law, escape

the effects of his assent, and file a petition in involuntary bankruptcy against the debtor, based on the assignment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 97.]

In Bankruptcy. Petition in involuntary bankruptcy against Henry Campe & Co., in which other creditors sought to intervene. Motion to strike the intervention granted, and motion to dismiss the petition in bankruptcy denied.

Sterling Carr, of San Francisco, Cal., for petitioning creditors.

Henry G. W. Dinkelspiel, of San Francisco, Cal., for alleged bankrupt.

John T. Williams, of San Francisco, Cal., for interveners.

DOOLING, District Judge. [1] A. E. Buttner filed a petition as a creditor of Henry Campe & Co., praying that the latter be declared a bankrupt. The petition averred that there were less than 12 creditors, and that the alleged bankrupt had committed an act of bankruptcy by making a general assignment for the benefit of creditors. The alleged bankrupt answered that there were more than 12 creditors and gave their names and addresses. The court then made an order referring the matter to a special master for such proceedings as are provided for by section 59 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 561 [Comp. St. 1913, § 9643]). The master sent out notices to the creditors named in the answer, and the assignees of the claims of two of them have joined in the original petition. A motion was made to strike out their intervention, for the reason that their assignors, the owners of the claims at the time of the assignment, had assented thereto. That a creditor who has assented to an assignment by his debtor may not ordinarily thereafter file an involuntary petition in bankruptcy against him, based solely upon such assignment, is well settled.

[2] It is contended here, however, that this rule does not apply, because the debtor and his assignees have failed to comply with certain provisions of the Civil Code of California, in that the assignment was not recorded, nor was any inventory filed, as required by sections 3461 and 3463 of that Code. But the Code provides a complete scheme under which assignments for the benefit of creditors may be made effective. The first requirement is that the assignment be made to the sheriff of the county in which the assignor resides. It then becomes the duty of the sheriff to call a meeting of all the creditors for the purpose of choosing one or more assignees, to whom, when thus chosen, the sheriff must assign all the property of the debtor theretofore assigned to him. The duties of the sheriff and of the assignees thus selected are laid down specifically in other sections of the Code. The assignment complained of was not made to the sheriff, but to other assignees, not chosen by all the creditors as prescribed by the Code, and the creditors who assented to such assignment assented to a common-law assignment not provided for by the Code, and cannot now complain that the provisions as to recordation and inventory, which

are a part of the Code Scheme, were not carried out by the assignees in the selection of whom they acquiesced; for it is not to be presumed that they either expected or desired the assignees, chosen thus without regard to any of the provisions of the Code governing such selection, to conform to other provisions of the Code which are a part of the complete Code scheme. The assignees thus chosen are bound by the terms and conditions of the assignment, and as the creditors assented to such terms and conditions they can only be heard to complain when the assignees have failed or refused to act in accordance therewith. The failure to record the assignment or to record an inventory, under the circumstances, does not seem to me to be a matter which takes this case out of the ordinary rule that a creditor, assenting to an assignment, may not later complain of such assignment as an act of bankruptcy.

The motion to strike out the intervention will therefore be granted.

### On Motion to Dismiss Petition.

The motion to dismiss the petition herein, on the ground that there are more than 12 creditors and that 3 creditors have not joined therein, is denied, for the reason that there are not 12 creditors who are not estopped by their consent to the assignment complained of from joining in the petition.

The respondent may have five days to answer to the merits of said petition.