### In re HOUSMAN.

### HOUSMAN v. PARMELEE-DOHRMANN CO. et al. (J. A. BAUER POTTERY CO. et al., Interveners).

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4474.

**1. Bankruptcy ☞76(3) — Ordinarily creditors assenting to general assignment cannot petition to have assignor declared bankrupt.**

Ordinarily, where alleged act of bankruptcy is that creditor has made general assignment, those who have assented to assignment cannot petition to have assignor declared a bankrupt.

**2. Assignments for benefit of creditors ☞44— Creditors consenting to general voluntary assignment held to have option to treat acceptance of release as inoperative and void.**

Where acceptance of assignment for benefit of creditors and release was to be inoperative and void at creditor's option, if anything intervened to prevent payment of pro rata to them, by act of any creditor, when bona fide creditor, not having assented to assignment, attached funds in assignee's hands, creditors signing release could treat release as inoperative and void.

**3. Bankruptcy ☞91(2)—Assignment for benefit of creditors held act of bankruptcy.**

Where bankrupt assigned and transferred stock of merchandise and all other personal property in store, except leases and leasehold interests and real estate and oil interests, and on hearing before master all parties regarded assignment as a general one, and regarded question of insolvency as irrelevant, master's finding that assignor had committed act of bankruptcy was proper.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

In the matter of M. V. Housman, doing business as Housman's Variety Store, alleged bankrupt. Involuntary petition in bankruptcy by the Parmelee-Dohrmann Company and others against M. V. Housman in which the J. A. Bauer Pottery Company and another intervened as petitioners. From a decree adjudging defendant bankrupt, he appeals. Affirmed.

This is an appeal from a decree of the District Court confirming a report of the special master.

Housman, appellant, made an assignment for the benefit of his creditors in favor of Boteler, assignee. Boteler took possession and disposed of the property, but has not distributed funds realized because they were attached by Swift & Co., a creditor who held a valid claim against Housman and who did not sign the assignment. After the levy of the attachment, certain creditors, who held valid claims and who had signed the assignment and release, filed an involuntary petition in bankruptcy against Housman, setting up that he was insolvent, and within four months preceding the filing of the petition had committed an act of bankruptcy in that he made "a general assignment" to Boteler. Afterwards two other creditors who had also so signed the release intervened as additional petitioners.

Housman answered and denied that he had committed an act of bankruptcy "as alleged," and set up the assignment. By its terms Housman assigned and transferred to Boteler all his stock of merchandise, fixtures, bills receivable, cash, insurance policies, and all other personal property situate in a store which he was conducting in Long Beach, Cal., "except leases and leasehold interests and real estate and oil interests." The assignment was contingent upon the assignee securing the consent of 90 per cent. in amount of all creditors to release assignor from indebtedness, and contingent upon said assignee securing such consent within sixty days from the date of the assignment. The assignee was to receive the property and conduct the business should he deem it proper, and was to pay the net proceeds arising from the conduct of the business to the creditors pro rata as their respective claims against the assignor appeared. In consideration of the premises, the creditors agreed to accept their pro rata of the net recoveries in full payment and thereby release the assignor from all demands; such agreement, however, "to become inoperative and void at the option of any of the third parties, without notice, if anything intervenes to prevent the payment of said pro rata to said third parties by any act of said assignor or any creditor of said assignor" Housman alleged that Boteler obtained the necessary sig-

natures, carried on the business as secretary of the Wholesaler's Board of Trade, that the business was not insolvent, and that the creditors, including interveners, had been paid.

Evidence was heard, and thereafter the master concluded that Housman had committed an act of bankruptcy, that the petitioners and intervening creditors were not estopped from filing and maintaining their petition, and that Housman, doing business as Housman's Variety Store, should be adjudged a bankrupt.

Mathonihah Thomas, of Long Beach, Cal., for appellant.

Adams, Adams & Binford, of Los Angeles, Cal., for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] It is well established that ordinarily where the alleged act of bankruptcy is that the creditor has made a general assignment, those who have assented to the assignment cannot be parties to a petition to have the one who has made the assignment declared a bankrupt. The obvious reason is that, by accepting the assignment, the signing creditors have released their claims against the assignor and in lieu thereof have accepted claims under the assignment, and therefore should not be permitted to rely upon the ground that the assignment they consented to and participated in is the sole act upon which the assignor should be declared a bankrupt. But in Housman's assignment the creditors agreed to accept the pro rata and to release the assignor with the reserved right that such agreement of acceptance and release should become inoperative and void at the option of any of such creditors, if anything intervened to prevent the payment of the pro rata to the creditors, by act of any creditor of the assignor. When Swift & Co., a bona fide creditor, who did not assent to the assignment and release, levied an attachment upon the funds in the hands of Boteler, assignee, any creditors who had signed the release could avail themselves of the option reserved and treat the agreement of acceptance and release as inoperative and void. If there were any evidence of fraud or collusion, or that Housman was induced by deception or other improper means to execute the assignment with a view to having him commit an act of bankruptcy, the case would be different. But, as found by the master, Housman voluntarily made the assignment

containing the agreement, which, because of the levy, justified the action taken by the creditors. Moulton v. Coburn, 131 F. 201, 66 C. C. A. 90; Ex parte Potts, Fed. Cas. No. 11344.

[3] It is said that, by reason of the reservation excepting leases, leasehold interests, real estate, and oil interests, from the general transfer, the assignment is not a general one, and therefore, there was no act of bankruptcy by Housman. That question, however, was not presented to the District Court nor to the master. On the contrary, it appears affirmatively that at the hearing before the master the parties regarded the assignment as a general one, and proceeded to try the single issue, whether the petitioning creditors who had signed the agreement were estopped from maintaining the petition to put Housman into bankruptcy. The question of insolvency was recognized by the parties as irrelevant (West Co. v. Lea, 174 U. S. 591, 19 S. Ct. 836, 43 L. Ed. 1098), and the issue narrowed as hereinabove indicated.

Housman and the creditors having consistently treated the assignment as general, the District Court was right in confirming the report of the master. Lookout Bank v. Noe, 86 Tenn. 21, 5 S. W. 453.

Decree affirmed.