### In re KUPFER.

District Court, S. D. New York.
June 19, 1933.

Emil K. Ellis, of New York City, for petitioning creditors.

Meyer Marlow, of New York City (Elmer Levenson and Stanley M. Dorman, both of New York City, of counsel), for alleged bankrupt.

PATTERSON, District Judge.

An involuntary petition in bankruptcy was filed against Joseph Kupfer on September 20, 1932. The act of bankruptcy alleged was the making of an assignment for the benefit of creditors. The answer interposed by Kupfer is to the effect that the three petitioning creditors, because of participating in the proceedings under the assignment, are estopped to resort to the bankruptcy court.

The assignment for the benefit of creditors was made on May 19, 1932, and filed in the county clerk's office two days later. The assignees qualified, retained attorneys, and sold the physical assets pursuant to an order of the New York Supreme Court and on notice to creditors. On June 11th Kupfer's nominee made an offer to the assignees to purchase all the assets and to pay 50 per cent. of the creditors' claims; 40 per cent. in cash, and 10 per cent. in notes. This offer was approved by the court but was not carried out by Kupfer. Instead a second offer was made on July 19th, in which the cash payment was reduced to 30 per cent. and the note payment was increased to 20 per cent. This offer also was approved by the court, but was not carried out by Kupfer. Claims to the extent of some $25,000 not listed by him had been filed, and he expressed his inability to raise the necessary money. Shortly thereafter the three petitioning creditors filed the petition in bankruptcy.

It appears that they had already filed claims with the assignees. They had also attended a meeting of creditors where one of them had voted for the appointment of a creditors' committee, and they had received various notices sent out to creditors in the assignment proceedings. It also appears that the assignees paid compensation to themselves, their attorneys, and others. Some of these payments were on the approval of the creditors' committee. There is nothing to show, however, that any of the three petitioning creditors were cognizant of the payments.

The special master to whom the issues were referred has reported that the creditors were not foreclosed from filing the petition in bankruptcy. I am of the same opinion.

A creditor who induces his debtor to make a general assignment is estopped to complain of it as an act of bankruptcy. Otherwise the creditor could entrap the debtor into becoming an involuntary bankrupt. In re Goldman-Rosenzweig Co., 65 F.(2d) 390, recently decided by the Circuit Court of Appeals of this circuit. And a creditor who, after the assignment has been made, assents to it and participates actively in the proceedings is generally held to have elected his remedy and is barred from later filing an involuntary petition based on the assignment. Simonson v. Sinsheimer (C. C. A.) 95 F. 948; Durham Paper Co. v. Seaboard Knitting Mills (D. C.) 121 F. 179; Moulton v. Coburn (C. C. A.) 131 F. 201. In the present case the petitioning creditors were passive. They did not urge the alleged bankrupt to make the assignment for creditors, nor did they afterwards identify themselves as approving of it. The mere filing of claims in obedience to the order of the court was not a participation of sufficient weight to constitute an election. In re Curtis (C. C. A.) 94 F. 630. Nor was the voting for a creditors' committee; this step did not commit the creditor in favor of the assignment. The alleged bankrupt makes much of the participation of the creditors' committee in the case, but the committee was not the agent of the petitioning creditors and the latter are not bound by what the committee saw fit to do.

It is true that the petitioning creditors waited around for a considerable time before attacking the assignment. But the fault here was with the alleged bankrupt rather than with them. He omitted from his listed liabilities several large claims owed by him, and when these claims were filed he found himself unwilling or unable to perform the terms of the settlement which he had tendered under

the assignment. There is no doubt that the hope of consummating such a settlement was a factor in making the creditors acquiescent to the assignment, nor is there doubt that it was the failure of the proposed settlement that precipitated the filing of the petition in bankruptcy. See Simonson v. Sinsheimer (C. C. A.) 100 F. 426. Even if we assume that the petitioning creditors committed themselves to a liquidation through the assignment proceedings, the failure of their debtor to reveal the existence of large liabilities, whether or not an intentional failure on his part, gave them the right to rescind their commitment and to insist upon a liquidation in bankruptcy. The facts show that they were prompt in exercising this right, once the presence of the undisclosed liabilities was made known to them.

The case is not within the doctrine of estoppel or election of remedies. An order of adjudication may be entered.