## In re NATIONAL MOTORSHIP CORPORATION.

District Court, S. D. New York.

Aug. 24, 1934.

Woodruff & Grill, of New York City, for creditor Seaboard Great Lakes Corporation.

Lawrence Wiseman, of New York City, for petitioning creditors.

Otto & Easterday, of New York City, for Gerald A. Fagan.

Shaine & Weinrib, of New York City, for Schoonmakers.

CAFFEY, District Judge.

If the bankruptcy petition of the creditors be sufficient on its face—and it is not denied that it is—then, regardless of the motives of the original petitioners or the intervening petitioners, upon proof of the allegations of the petition an adjudication should follow. In re Automatic Typewriter & Service Co., 271 F. 1, 4. On the other hand, if either (1) estoppel of the creditors to file the petition or (2) commission of a fraud on the court be established, the petition should be dismissed—as to estoppel, see In re Syracuse Stutz Co. (C. C. A.) 55 F.(2d) 914, 916; In re Goldman-Rosenzweig Co. (C. C. A.) 65 F.(2d) 390; Simonson v. Sinsheimer (C. C. A.) 95 F. 948; as to fraud on the court, see In re Cohn (C. C. A.) 227 F. 843, 844; Zeitinger v. Hargadine-McKittrick Dry Goods Co. (C. C. A.) 244 F. 719, 722, 723; Chicago Bank of Commerce v. Carter (C. C. A.) 61 F.(2d) 986, 989; In re E. C. Denton Stores Co. (D. C.) 5 F. Supp. 307, 311.

I conceive of no possible defense to or obstacle to maintenance of the involuntary petition, arising from what is said in the papers submitted, outside of one or the other of the two mentioned and outside of what may be shown under a general denial. Obviously the internal corporate disputes—the rights of the stockholders inter sese—cannot be adjudicated here.

If I be right, then the question is whether the proposed amendments to the answers sufficiently set out either estoppel or fraud on the court.

While the court should readily afford opportunities to litigate meritorious issues, permit latitude in the forms of pleading, and not scrutinize pleadings in bankruptcy as strictly as in a common-law action, yet before amendments can properly be allowed, they must, by allegations of facts, adequately set forth either estoppel or fraud; mere general or vague conclusions are not enough. It would be useless to permit an amendment which other parties would be entitled to have stricken out because insufficient in law to constitute a defense.

It is manifest that no estoppel is sufficiently charged. Indeed, as I understand, the applicants for leave to amend their answers do not rely upon estoppel or even suggest that the allegations set up estoppel. Certainly they have not, in terms, argued that there is estoppel.

What the applicants contend, as I understand them, is that there was fraud and that this fraud consisted of conspiracy or collusion between the original petitioning creditors and the Schoonmaker group in bringing about the filing of the involuntary petition. They do not say that there is or has been, at any time, fraud on the court itself or on the court's jurisdiction. They seem to me to go no further than to asperse the motives of the original petitioners and of the Schoonmakers. As already indicated, however bad the motives, they are immaterial if the cause of action stated in the bankruptcy petition contains enough, if proved, to entitle the petitioners to an adjudication. Automatic Case, supra, p. 4 of 271 F.

The applicants also say that the Schoonmakers and others are conspiring fraudulently to destroy the alleged bankrupt, with resulting injury to its creditors and stockholders. This is plainly a mere conclusion, unsupported by any allegation of facts. The court would not be warranted in permitting the record to be encumbered with so indefinite a statement. Cf. In re Cohn, supra.

If the applicants will, by adequate allegations of facts, charge either that the petitioning creditors are estopped from prosecuting their petition, or that fraud, participated in by the petitioning creditors, is being perpetrated on this court or on its jurisdiction, then I think they would be entitled to amend their answers so as to bring one or both of those issues before the court. For that reason, the present holding of the insufficiency of their proposed amendments will be without prejudice to the renewal of their applications.

Motions denied. Settle orders, in accord with the foregoing, on two days' notice.