## In re KAPLAN & KEMP, Inc.

District Court, S. D. New York.
March 5, 1936.

518

Hahn, Abeson & Golin, of New York City (J. J. Hahn, of New York City, of counsel), for claimant.

Parnes, Schaeffer & Sheldon, of New York City (Maxwell Parnes, of New York City, of counsel), for bankrupt.

PATTERSON, District Judge.

An involuntary petition in bankruptcy was filed on November 4, 1935, against Kaplan & Kemp, Inc. The act of bankruptcy alleged in the petition was that the alleged bankrupt had made an assignment for the benefit of creditors on September 13, 1935. The alleged bankrupt put in an answer to the effect that the three petitioning creditors had acquiesced in the assignment, had participated in the liquidation of the business under the assignment, and were thereby estopped to rely on the assignment as an act of bankruptcy. The issue so raised was referred to Peter B. Olney, Jr., as special master. He has taken testimony and has reported that the petitioning creditors were not estopped to complain of the assignment as an act of bankruptcy. The question is whether his report should be confirmed.

The assignment was made by the debtor on September 13, 1935. The assignee was selected by the debtor's lawyer; no creditors were consulted. The assignee called a meeting of creditors for September 18th. Representatives of the petitioning creditors were among those who attended. The creditors were told by an officer of the debtor, as well as by an accountant for the assignee, that the debtor was solvent, that creditors might expect payment in full, that the indicated assets were $19,000 and the liabilities $12,000. Suggestion of a creditors' committee was made. The representatives of all three petitioning creditors made it clear that they were not satisfied with the assignment and would stand aloof for the time being. An agent of one of them consented to serve and did serve as one of the creditors' committee, but on the distinct understanding that by such service he was not to be taken as acquiescing in the assignment.

The assignee went forward with liquidating the assets and consulted from time to time with the creditors' committee. An order for filing claims was obtained, as well as an order for payment of a first dividend. The dividend was not paid. In the latter part of October, the creditors first received definite information of a fraud committed by officers of the debtor. A short time before the assignment the debtor had made a sale of merchandise to one Rosenberg for a purported consideration of $4,000. In reality Rosenberg had paid $6,000, $4,000 by check to the debtor and $2,000 in cash to the debtor's officers. The officers had concealed and kept for themselves the $2,000. A few days later, on November 1st, the accountant for the assignee reported that instead of solvency there was insolvency, that the assets were expected to realize no more than $10,000, while the liabilities were $15,000. The three petitioning creditors, after discussing these developments, filed the involuntary petition in bankruptcy on November 4th.

Creditors who have authorized or acquiesced in an assignment for the benefit of creditors with knowledge of the material facts are disqualified from later petitioning the debtor into bankruptcy. The rule rests on election of remedies. A debtor's estate being distributable by means of an assignment for the benefit of creditors under state laws or by means of bankruptcy proceeding under the federal law, a creditor who participates in a distribution under assignment with knowledge of the true situation is estopped to bring the case later to the bankruptcy court. Durham Paper Co. v. Seaboard Knitting Mills, 121 F. 179 (D. C.N.C.); Moulton v. Coburn, 131 F. 201 (C.C.A.1); In re Goldman-Rosenzweig Co., Inc., 65 F.(2d) 390 (C.C.A.2). To bring a case within the rule, there must be a clear showing of approval or participation under the assignment. Trifling incidents are not sufficient. Simonson v. Sinsheimer, 100 F. 426 (C.C.A.6); In re Kupfer, 4 F.Supp. 688 (D.C.N.Y.).

In this case the petitioning creditors had nothing to do with the making of the assignment. Their conduct later did not commit them in favor of the assignment. They let it be known that their attitude

was one of neutrality until more should be known of the debtor's affairs. One of them filed claim with the assignee. The representative of another served on the creditors' committee, but it was well understood that such service was not to be taken as an indorsement of the assignment. No one was misled into the belief that these creditors approved of the assignment. It follows that they were not estopped to bring an involuntary petition in bankruptcy against the debtor.

■ Even if an assent to the assignment could be spelled out, this case would not be one of estoppel. Creditors who have assented to an assignment for the benefit of creditors in ignorance of frauds by the debtor or because of misrepresentations as to the assets and liabilities may withdraw their assents when they become cognizant of the truth. In re Curtis, 94 F. 630 (C.C. A.7); In re Kupfer, supra; see In re Goldman-Rosenzweig Co., Inc., supra, 65 F.(2d) 390, at page 391. The petitioning creditors had no knowledge of the fraudulent depletion of the debtor's assets by its officers. They were misinformed concerning the debtor's financial condition. On learning the truth as to these matters, they lost no time in seeking relief under the Bankruptcy Act (11 U.S.C.A. § 1 et seq.). It is only natural that they should prefer to have the estate administered in bankruptcy by a trustee of the creditors' choice rather than under the assignment by nominee of the debtor's attorney.

The report will be confirmed, and an order of adjudication entered.