### In re STEIN–LAZOW, Inc.

District Court, S. D. New York.
Nov. 24, 1939.

Jacob Levine, of New York City (Herman Wiesenthal and Avel B. Silverman, both of New York City, of counsel), for alleged bankrupt.

Louis L. Kaplan, of New York City (George C. Levin, of New York City, of counsel), for petitioning creditors.

MANDELBAUM, District Judge.

This is a review of a Special Master's report recommending that the involuntary petition in bankruptcy be sustained and that a decree of adjudication in bankruptcy be entered against the alleged bankrupt.

The petitioning creditors filed an involuntary petition in bankruptcy against the alleged bankrupt on May 18th, 1938. The act of bankruptcy alleged in the involuntary petition is the filing of a general assignment for the benefit of creditors on January 18th, 1938. The alleged bankrupt filed an answer claiming as a defense thereto that one of the petitioning creditors herein, James Simon, doing business as Mutual Silk Co., participated in the prior assignment for the benefit of creditors and is estopped from acting as a petitioning creditor in this bankruptcy proceeding.

It has undoubtedly been the law heretofore that a prior participation by any one of the petitioning creditors in an assignment proceeding in the state court would amount to an estoppel precluding him from acting as a petitioning creditor in a subsequent bankruptcy proceeding. In re Goldman-Rosenzweig Co., Inc., 2 Cir., 65 F.2d 390.

This matter was tried before the Special Master after September 22nd, 1938, which was the effective date of the Chandler Act which amended the Bankruptcy Act. Un-

**410**

der Section 59, sub. h, of the Bankruptcy Act as amended, 11 U.S.C.A. § 95, sub. h, prior participation by a petitioning creditor in an assignment for the benefit of creditors did not estop him from acting as a petitioning creditor *unless he has consented thereto in writing with knowledge of the facts, if any, which would be a bar to the discharge of the debtor under the Act.*

The creditors maintain that there was no written consent as provided in Section 59, sub. h, and the petitioning creditor whose right to participate in these bankruptcy proceedings as a petitioning creditor is challenged may, nevertheless, act in view of Section 6 of the Chandler Act, 11 U.S.C.A. § 1 note. Section 6, sub. b, reads:

"b. Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect; but proceedings in cases then pending to which the provisions of this amendatory Act are not applicable shall be disposed of conformably to the provisions of said Act approved July 1, 1898, and the Acts amendatory thereof and supplementary thereto".

The issue therefore resolves itself into whether or not it is practicable to give the Chandler Act a retroactive effect and to apply the test laid down in Section 59, sub. h as amended, in determining the acts necessary to estop the petitioning creditors from filing the involuntary petition in bankruptcy.

Under the test of practicability laid down in Re Old Algiers, 2 Cir., 100 F. 2d 374, the provisions of the Chandler Act govern if they can be applied fairly and conveniently and certainly, as was said in Re Seaholm, 1 Cir., 136 F. 144, 147, "there was no vested right in the bankrupt to have the law stand as it was". The Circuit Court of Appeals for this Circuit, in the case of In re Carter, 2 Cir., 32 F.2d 186, determined that it was practicable to invoke a new ground of objection to discharge which was not in the law when the petition in bankruptcy was filed.

In the present case, it would seem to be just as fair and convenient to apply the restricted definition of estoppel which appears in the amendatory Act. The additional contention that irrespective of Section 59, sub. h, as amended, the exhibits reveal a writing by the petitioning creditor sufficient to create an estoppel is without merit. Since the acts set forth in the answer did not embrace the estoppel contemplated by Section 59, sub. h, the court is of the opinion that the Special Master's report should be confirmed.