**In re JOHN OLIVER CO., INC.,**
**Alleged debtor.**

**Bankruptcy No. 82–01153–JG.**

United States Bankruptcy Court,
D. Massachusetts.

Nov. 18, 1982.

Riemer & Braunstein, Boston, Mass., for petitioning creditors.

Kenneth E. Karger, Boston, Mass., for Bobst, Inc.

Craig & Macauley, Bertin C. Emmons, Kaye, Fialkow, Richmond, & Rothstein, Boston, Mass., Philip Strome, Salem, Mass., for Roberts & Porter, Inc.

Robert Smith, Boston, Mass., for Harold Pitman Co.

Herbert C. Kahn, Boston, Mass., for Kahn Paper Co., Inc.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

Before the Court is the Motion of Bobst, Inc. (Bobst) to Dismiss the Involuntary Petition or Abstain from the case. Bobst, an alleged secured creditor of the debtor, John Oliver Co., Inc. (Oliver), contends that the petitioning creditors' assent to an assignment for the benefit of creditors bars them from filing an involuntary petition. The Petitioning Creditors' and the Assignees oppose dismissal or abstention on the grounds that continuation in bankruptcy is in the best interests of creditors, as this is the sole forum in which the Bobst security interest may be attacked.

At a hearing on the motion to dismiss held on August 5, 1982 the parties stipulated to the facts, and agreed to submit the issues presented on their briefs. Based upon the agreed facts, I find as follows. Three creditors, Baird & Bartlett, Inc., Kahn Paper Co., Inc., and Harold M. Pitman Co., filed an involuntary petition under Chapter 7 against Oliver on June 25, 1982. Oliver had purchased machinery from Bobst in 1980 and granted Bobst a security interest for $350,000.00 in the equipment. The security interest was not perfected until March 29, 1982 because not until that date did Bobst file its financing statement with the appropriate town clerk.

On March 12, 1982, Oliver executed an assignment for the benefit of creditors, naming Philip Strome and Stephen M. Richmond as assignees. Richmond represented Baird & Bartlett, Inc. prior to the assignment. Deleted from the assignment agreement form was Paragraph 9 which had provided in pertinent part:

"Any creditor assenting hereto ... shall have the right ... to become a petitioning creditor in any proceedings in bankruptcy ... and use this assignment as an act of bankruptcy in any such proceedings."

The three petitioning creditors returned assents to the assignment: Baird & Bartlett assented on April 14, 1982, Kahn Paper assented on April 13, 1982, and Harold Pitman assented on May 18, 1982. The assignees brought an action to establish the priority of the conflicting security interests in Oliver's assets. During the assignment, Oliver's landlord obtained a judgment of possession and eviction against Oliver. Upon learning of Bobst's recording its financing statement on March 29, 1982 the assignees recommended that an involuntary petition

be filed, in order to invoke the avoiding powers of 11 U.S.C. Section 547 to invalidate the Bobst security interest as a preferential transfer. The involuntary petition was filed on June 25, 1982.

Bobst argues that the three petitioning creditors waived their right to file an involuntary petition by reason of the assents to the assignment, because they caused Oliver to commit an act of bankruptcy.

The Bankruptcy Reform Act of 1978 eliminated "acts of bankruptcy" as grounds for filing an involuntary petition and substituted as grounds that a debtor is generally not paying debts as they become due, or that a custodian was appointed to take possession of the debtor's property within 120 days before the filing of the petition. 11 U.S.C. Section 303(h)(1) In view of the amendment, it is doubtful that "acts of bankruptcy" play any role in the new Code. *See In Re Win Sum Sports, Inc.,* 14 B.R. 389 (Bkrtcy.D.Conn.1981).

■ Even assuming that one who causes an "act of bankruptcy" is estopped from filing an involuntary, I reject Bobst's contention as applied to the facts in this case. Many cases interpreting the Bankruptcy Act of 1898 held that a creditor who participates in an assignment is precluded from filing an involuntary because he has caused the act of bankruptcy. *See, e.g., Moulton v. Coburn,* 131 F. 201 (1st Cir.1904); *In re Romanow,* 92 F. 510 (D.Mass.1899). The waiver or "election of remedies" as referred to by some courts, however, must have been accomplished with knowledge of all facts concerning the creditor's rights. *In re Garfinkle,* 672 F.2d 1340 (11th Cir.1982). Therefore, a creditor who has assented to an assignment is not estopped from filing an involuntary bankruptcy proceeding where, at the time of the assignment, he was unaware of a fraudulent transfer capable of avoidance in bankruptcy. *In re Curtis,* 94 F. 630 (7th Cir.1899).

■ In the present case, the three petitioning creditors did not waive their right to file a bankruptcy petition because their choice of the assignment remedy was not made with knowledge of their right to

avoid the Bobst security interest. At the time of their assents, Bobst's security interest was not yet perfected, so creditors could not have known that bankruptcy would be a more appropriate liquidation proceeding than the assignment. Only after their assents to the assignment did the creditors discover that their rights could be better protected in bankruptcy. The bankruptcy court is the sole forum in which a trustee may commence an action to avoid and declare invalid the Bobst security interest as a preferential transfer under 11 U.S.C. Section 547, since perfection was accomplished within ninety days before commencement of the involuntary. If successful, the pool of funds available to unsecured creditors of Oliver will be increased by $350,000. It would be a windfall to Bobst to deny the unsecured creditors the right to attack the security interest.

In view of the appointment of the assignees one-hundred and sixty (160) days before the involuntary, I find the entry of an order for relief is appropriate.

■ Bobst also requests that the Court abstain from the case pursuant to 11 U.S.C. Section 305(a) which provides:

The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

(2)(A) there is pending a foreign proceedings; and

(B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.

The legislative history illustrates that it may be appropriate for a bankruptcy court to decline jurisdiction over an entire case where an out-of-court arrangement may be less expensive or has proceeded so far that bankruptcy would be wasteful of time and money. *See House Report* No. 95–595, 95th Cong., 1st Sess. 325 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 35 (1978), U.S.Code Cong. & Admin.News 1978, p.

5787; *In re Nina Merchandise Corp.*, 5 B.R. 743 (Bkrtcy.S.D.N.Y.1980). Where the bankruptcy proceeding provides a remedy for creditors which is unavailable in a non-bankruptcy proceeding, such as lien avoidance, abstention is not only inappropriate but is an "abdication of the Court's responsibility." *In re B.D. International Discount Corp.*, 13 B.R. 635, 640 (Bkrtcy.S.D.N.Y. 1981).

Here, the best interests of creditors require acceptance of jurisdiction. Bobst's security interest is voidable under 11 U.S.C. Section 547 only in a bankruptcy case, and will bring $350,000 into the estate for creditors, if successful.

Accordingly, the motion to dismiss or abstain is denied. Upon consideration of the involuntary petition, and it appearing that Oliver is a person that may be a debtor under chapter 7, and it appearing that the three petitioning creditors hold uncontingent claims in the amount of $175,017.36, and it appearing that custodians were appointed to take charge of the debtor's property on March 12, 1982, an Order for relief under chapter 7 of Title 11 of the United States Code is granted.