ELIZABETH HILL *vs.* ARCHIBALD McNICHOL, Administrator.

Washington.   Opinion June 11, 1884.

*Mortgage.   Record.   Notice.   Unrecorded deed.*

When the record of a mortgage is defective it is not notice of such mortgage. Thus, a mortgage for the security of two thousand dollars was recorded as one for two hundred dollars; *Held,* that the record was no notice of the two thousand dollar mortgage.

When a purchaser of real estate, without notice of a prior unrecorded deed, for a valuable consideration conveys to one who had notice thereof, the title of the latter is not impaired by the notice.

ON EXCEPTIONS.

This was an action for money had and received against the defendant as administrator on the estate of Monroe Hill, deceased, brought under the statute, appeal having been taken from the report of the commissioners of insolvency on said estate.

The writ contained four classes of claims, the first of which was for breach of covenant in the deed of Monroe Hill to her, by reason of outstanding mortgages, one of which from George S. Bixby to Ann Lindsay for two thousand dollars was recorded as a two hundred dollar mortgage. The writ alleged that she paid $2612.93 to discharge this mortgage. The verdict was in favor of the plaintiff on all classes of claims and amounted to $14,575.21.

Other material facts bearing upon the question considered by the court are stated in the opinion.

*Strout and Holmes, M. N. McKusick,* and *George N. Hanson,* for the plaintiff.

*A. Libbey,* for the defendant, cited: *Trull* v. *Bigelow,* 16 Mass. 409 ; *Pierce* v. *Faunce,* 47 Maine, 507 ; *Brackett* v. *Ridlon,* 54 Maine, 426.

VIRGIN, J. Whether or not the plaintiff was entitled to recover the item of two thousand six hundred twelve dollars and ninety-three cents, which she claimed to have paid to discharge the mortgage of Bixby to Lindsay on the premises conveyed to her by the defendant's intestate, was one of the questions involved at the trial and which the jury must have found in behalf of the plaintiff.

If the mortgage was duly recorded prior to the delivery of the deed to her, then it was an incumbrance within the intestate's covenant of warranty. But by the record in the registry of deeds, the mortgage purported to be one for the security of two hundred dollars instead of two thousand dollars. And the presiding justice correctly instructed the jury that this record was "not proof of the record of the two thousand dollar mortgage." *Frost* v. *Beekman,* 1 Johns. Ch. 288 ; S. C., 18 Johns. 544 ; *Stevens* v. *Bachelder,* 28 Maine, 218 ; Jones, Mort. § § 550 *et seq.* and notes.

The presiding justice also instructed the jury that if the mortgage was not recorded, then they "would inquire whether there was any evidence in the case to show that the plaintiff had any knowledge of the mortgage. That if there was no such evidence and no record, then the mortgage became a nullity as against these parties ; . . and if she paid it, she paid it in her own wrong and could recover nothing for it. If, on the other hand, they are not satisfied that it was not recorded ; or if they are satisfied that this plaintiff had knowledge of it before her deed was delivered, then they should inquire as to the amount which she paid."

Our opinion is that the latter alternative is erroneous. Long before the enactment of R. S., c. 73, § 8, the delivery of an executed deed by the owner of the fee transferred the estate from the grantor to the grantee, and it was effectual, without registration, against the grantor and his heirs, but not against a subsequent purchaser and grantee. *Farnsworth* v. *Childs*, 4 Mass. 637; *Marshall* v. *Fisk*, 6 Mass. 24. It was also early decided that a subsequent purchaser, having notice of a prior unregistered deed, is affected in the same way and to the same extent as if such deed had been recorded (*Copeland* v. *Copeland*, 28 Maine, 525; *McMechan* v. *Griffin*, 3 Pick. 149); basing the doctrine upon the fraud which results in permitting a junior purchaser to defeat a prior conveyance or incumbrance of which he has notice. *Cheval* v. *Nichols*, Stra. 664. The statute above cited, therefore, simply established by positive enactment what had been previously settled by judicial decisions except as to "devisees."

Again, in early times it was decided that where a purchaser, without notice of a prior unregistered deed, and for a valuable consideration, had conveyed to one who had notice thereof, the title of the latter was not impaired by the notice; the former having an indefeasible title could convey it to the latter, "because otherwise an innocent purchaser, without notice, might be forced to keep his estate," or "the sale of estates would be very much clogged." *Harrison* v. *Forth*, Prac. Ch. 51; *Lowthor* v. *Carlton*, 2 Atk. 139; *Pierce* v. *Faunce*, 47 Maine, 507; *Brackett* v. *Ridlon*, 54 Maine, 426; *Boynton* v. *Rees*, 8 Pick. 329; *Flynt* v. *Arnold*, 2 Met. 619; *Bell* v. *Twilight*, 18 N. H. 159. Carried out to its logical conclusion, the doctrine leads to the following result: If the holder of a fee conveys to one who omits for the time being to record his deed, and thereafter the grantor makes another conveyance of the same premises to a second grantee having notice of the prior unregistered deed, the former grantee holds the title against the second even if the latter's deed is recorded. Moreover if any number of conveyances be made in the chain of title derived from the second grantee, each with like notice of the prior unrecorded deed, the

first grantee will still hold the title although all the deeds except his own are duly recorded ; and he can perfect his title by recording his deed. If, however, any one of the second grantee's successors purchase without notice of the first grantee's prior unrecorded deed and place his own deed on record, the title of the first grantee under his unrecorded deed is gone forever. Jones, Mort. § 575, and notes. *Flynt* v. *Arnold, supra.*

Applying this rule to this case, it follows that the instruction limiting the notice of the existence of the Bixby unregistered mortgage to the plaintiff was erroneous; for if any one of her predecessors (and there were several) in title, running back to, and including Bixby's immediate grantee had no "actual notice" of the mortgage, it ceased from that time to be an incumbrance. The defendant's requested instruction should therefore have been given.

As this view necessitates a new trial, we need not express any opinion upon the other questions.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH and HASKELL, JJ., concurred.