ARTHUR E. WHITNEY vs. J. MERRILL BROWNE & another, administrators.

Middlesex.   January 16, 1902. — February 28, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Mortgage, Of Chattels*, Priority.

A Maine corporation with an office in Boston and a factory at Winchester, which had filed with the commissioner of corporations a certificate describing itself as a foreign corporation, made a mortgage of the chattels in its factory at Winchester which was recorded in Boston and not elsewhere. Later it made another mortgage of the same chattels which stated that it was "subject to any prior recorded mortgage." The last made mortgage was recorded both at Winchester and Boston. In a suit in equity by a purchaser at a foreclosure sale under the last made mortgage, to restrain the holder of the first made mortgage from enforcing it, it was *held*, that the defendant should be enjoined; that the corporation resided in Maine, and therefore under St. 1883, c. 73, the mortgage should have been "recorded on the records of the city or town where the property then " was, in this case, Winchester ; and that the statement in the plaintiff's mortgage, that it was "subject to any prior recorded mortgage" referred only to a mortgage recorded where the law provided it should be recorded.

BILL IN EQUITY to restrain the enforcement of a chattel mortgage, on the ground that it was not recorded and therefore not valid against the plaintiff who claimed under a later mortgage of the same chattels duly recorded, filed July 20, 1900.

The Superior Court made a decree for the plaintiff, granting an injunction in accordance with the prayer of the bill; and the defendants appealed.

*J. M. Browne*, for the defendants.

*G. A. Blaney*, for the plaintiff.

LORING, J.   1. This is a bill in equity by the purchaser at a foreclosure sale under a chattel mortgage, to restrain the defendants from enforcing a prior mortgage, on the ground that it was not duly recorded.   The prior mortgage was given to one Sturtevant and those holding under it have never had possession of the personal property covered thereby.   The cause was heard by the court, a final decree was made in favor of the plaintiff, and the whole case is here on the defendants' appeal, the evidence having been taken by a commissioner under the rule.

Both mortgages were made by the Metallic Window Screen Manufacturing Company, a corporation organized under the laws of the State of Maine, with an office in Boston and a factory in Winchester. Before the date of the mortgage to the defendant, it had filed with the commissioner of corporations a certificate describing itself as a foreign corporation. The Sturtevant mortgage is dated March 4, 1894, and the chattels covered by it are described as being "in Whitney's Building at the corner of Main and Walnut Streets in Winchester in the county of Middlesex" and were in fact there.

We are of opinion that this mortgage of the Metallic Window Screen Manufacturing Company comes within the provisions of St. 1883, c. 73, which provides that "If the mortgagor resides out of the Commonwealth, his mortgage of personal property which is within the Commonwealth when the mortgage is made, shall be recorded on the records of the city or town where the property then is." That a corporation is a resident of the State by which it is created is too well settled to require a citation of authorities. The defendants rely upon *Wright* v. *Bundy*, 11 Ind. 398; in that case it was held that a mortgage by a foreign railroad corporation, was well recorded as a chattel mortgage, in the place, where the foreign corporation had its principal place of business within the State, under a statute, which provided that chattel mortgages should be recorded where the mortgagor resides and which made no provision for the recording of such mortgages by non-residents.

2. The defendants' second contention is that the plaintiff's mortgage is postponed to theirs by a clause in the plaintiff's mortgage stating that "this mortgage is subject to any prior recorded mortgage." The mortgage under which the defendants' claim was in fact recorded in Boston. Had it been stated in this mortgage that it was subject to the Sturtevant mortgage, this case would have come within *Howard* v. *Chase*, 104 Mass. 249; *Eaton* v. *Tuson*, 145 Mass. 218.

But the statement is that it "is subject to any prior recorded mortgage." That is no more than an express statement of the legal effect, which would have ensued, had there been a "prior recorded mortgage"; for a "prior recorded mortgage" means a prior mortgage recorded where the law provides that it should

be recorded. See *Harriman* v. *Woburn Electric Light Co.* 163 Mass. 85, 87. The defendants seek to help out this description as a description of the Sturtevant mortgage, under which they claim, by showing that the mortgagee under the plaintiff's mortgage and the plaintiff knew of the Sturtevant mortgage at the time the Whitney mortgage (under which the plaintiff claims) was made, and thus to bring this case within *Pecker* v. *Silsby*, 123 Mass. 108. Without going further, it is enough to say that the judge found against the defendants on that fact; on this point there was a direct conflict in the evidence and we see no reason for overruling the judge, who had an opportunity of deciding between the witnesses by their appearance on the stand.

3. Apart from its possible effect upon the interpretation of the clause that the Whitney mortgage was subject to any prior recorded mortgage, knowledge by the plaintiff of the Sturtevant mortgage was immaterial. *Bingham* v. *Jordan*, 1 Allen, 373. *Travis* v. *Bishop*, 13 Met. 304.

*Decree affirmed.*