Sullivan, }
April 1, 1924. }

## JAMES O. KENDALL *v.* HENRY G. HASTINGS.

Under P. S., *c.* 140, ss. 2, 12, an unrecorded chattel mortgage is invalid as against a subsequent attachment, though the failure to record was due to a delay of the mail and not to the fault of the mortgagee.

REPLEVIN, for a pair of horses and harnesses attached by the defendant, a deputy sheriff, on a writ against Charles York, on Monday, October 23, 1923. They were bought by York on Saturday, October 21, of the plaintiff at West Lebanon. York resided in Newport. At the time of the sale the plaintiff took a chattel mortgage on the property, which was thereupon delivered to York,

and by him taken to Newport, where it was attached. The plaintiff mailed his mortgage on Saturday to the town clerk of Newport, but it failed to reach his office until Tuesday. Such failure was through no fault of the plaintiff.

The court finds that the plaintiff did all that a reasonable man would do to record his mortgage. The question as to which party has the prior lien is transferred, without a ruling, by *Sawyer*, J.

*Bernard W. Carey*, for the plaintiff.

*Jesse M. Barton*, for the defendant.

PLUMMER, J. The provisions of the statute relating to this case are as follows: "Possession of the mortgaged property must be delivered to and be retained by the mortgagee, or the mortgage must be recorded in the office of the clerk of the town in which the mortgagor resides at the time of making the same." P. S., *c*. 140, *s*. 2. "No such mortgage shall be valid against any person except the mortgagor, his executors and administrators, unless possession is delivered or the mortgage is sworn to and recorded in the manner herein prescribed." P. S., *c*. 140, *s*. 12.

"So far as creditors are to be affected, the statute must be complied with in all its material and substantial requirements." *Hill* v. *Gilman*, 39 N. H. 88, 94. One of the material and substantial requirements of the statute is that a mortgage in order to be valid against an attaching creditor must be recorded in the office of the clerk of the town where the mortgagor resides. This mortgage was not so recorded when the creditor's attachment was made, and consequently it is not valid as against the attachment.

The finding of the court "that the plaintiff did all that a reasonable man would do to record his mortgage," cannot affect the case. There is nothing in the statute, or in any case decided under it, which warrants a ruling that, if a person exercises reasonable care in securing the record of a mortgage, it shall be treated as recorded, even though it has not actually been placed on record. The statute is definite and specific, and must be complied with. The delay of the mail was unfortunate, and undoubtedly resulted in hardship for the plaintiff, but the legal effect of the statute cannot be changed thereby. The attachment lien of the defendant is prior to that of the plaintiff.

*Case discharged.*

All concurred.