Kinkade, J.
 

 The issues presented in these two
 
 *437
 
 cases are very similar, and they may properly be disposed of in one opinion. The facts are not in dispute in either case. The principle involved may be briefly stated as follows:
 

 There is a large number of corporations doing extensive business in the city of Cleveland which do not return their personal property for taxation in that city, but return the same for taxation in tax districts in Cuyahoga county lying outside of the city of Cleveland. Other such corporations return like property for like taxation in tax districts situated in Lake county, Ohio. All such tax returns are so made in the tax district within which the domicile of such corporations, respectively, is located, the domicile being the place of the principal business office of the corporation named in its charter.
 

 The prosecuting attorney of Cuyahoga county insists that all such property of such corporations must be listed for taxation in Cleveland, where the corporations transact by far the largest portions of their business. In case No. 20599,
 
 Stanton, Prosecuting Attorney,
 
 v.
 
 Tax Commission of Ohio,
 
 the county auditor altered the returns made in Cuyahoga county so as to include the property returned for taxation in Lake county. The company submitted this question to the tax revision board for review. The tax board upheld the action of the auditor. On appeal, the state tax commission found against the action of the auditor and in favor of the mortgage company. On error, the court of common pleas sustained the tax commission. The Court of Appeals affirmed the decision of the common pleas. The prosecuting attorney files a petition in error in this court.
 

 
 *438
 
 In case No. 19755,
 
 State ex rel. Stanton, Prosecuting Attorney,
 
 v.
 
 Zangerle, Auditor,
 
 the relator seeks to compel by mandamus the county auditor to cancel from the tax lists in tax districts outside the city of Cleveland, but in Cuyahoga county, such listings by such corporations so doing business in Cleveland, and to cause such property to be entered on the tax lists embracing property located in the city of Cleveland. The county auditor is willing, and in fact anxious, to do this if the the law so permits and requires.
 

 The auditor, by answer, admits all the . facts alleged in the petition of the relator, the prosecuting attorney.
 

 The question presented is, Where should this class of property be listed for taxation? The question would not arise at all if the property in question were owned by an individual domiciled in Cuyahoga county, or owned by a corporation domiciled, as stated in its charter, in the city of Cleveland. The prosecuting attorney alleges the fact to be that these corporations procured their domiciles to be fixed in their charters as outside of the city of Cleveland for the purpose of thereby availing themselves of tax rates lower than that which is imposed on like property listed in Cleveland. The corporations admit these allegations, and insist their action is clearly legal in all respects, and claim that the petition of the relator does not state a cause of action.
 

 The authorities, state as well as federal, are by no means in harmony on this subject. Many of the decisions are based upon and follow the requirements of state statutes.
 

 
 *439
 
 Ohio has maintained a very clear and definite policy on this subject for many years. The Ohio laws relating to the formation of corporations have always required persons desiring to form a corporation to state in their articles of incorporation the place where the principal business office of the company will be located, and that location is carried into and forms an integral part of the charter issued to the corporation. The corporation is authorized and empowered to change the place of domicile by following certain provisions of the statute relating thereto.
 

 The levying and collection of taxes and assessments are matters purely legislative in character, and the same is true with respect to the formation of corporations in the state. There is no dispute between counsel as to what the law specifically provides with respect to these matters. There is practically no occasion for any construction of the statutes. They are very definite and very plain, and need only to be read to ascertain their meaning. Neither the prosecuting attorney nor the auditor seriously contends that this is not true. They do contend that the statutory provisions are not what they should be.
 

 The fact is very material that for many years the Legislature has maintained a uniform position with respect to these matters, and has attempted no change in this respect in the laws as they now stand, and have stood since the earliest legislation on the subject in Ohio.
 

 The questions raised in these actions came before this court for consideration in 1882, in the case of
 
 Pelton
 
 v.
 
 Transportation Co.,
 
 37 Ohio St., 450.
 
 *440
 
 The first three paragraphs of the syllabus of that decision read as follows:
 

 “1. A certificate of incorporation, which, under the statute, specifies the place where the principal office of the company is to be located, is conclusive as to the location of such office.
 

 “2. Such office is to be regarded as the residence of the corporation within the meaning of Section 4 of the tax law of April 5, 1859, as amended April 8, 1865 (S.
 
 &
 
 S., 756), which provides that certain personal property ‘shall be entered for taxation in the township or town in which the person to be charged with taxes thereon resides at the time of listing the same by the assessor.’
 

 “3. A corporation whose principal office is located in a specified township and without the limits of a city, may, if the city limits be so extended as to include the site of the office, remove the same to some other part of the township and thus avoid municipal taxation.”
 

 In delivering the opinion of the court, Judge Mc-Ilvaine said, at page 455:
 

 “For many purposes, a corporation is regarded as having a residence—a certain and fixed domicile. In this state, where corporations are required to designate in their certificates of incorporation the place of the principal office, such office is the domicile or residence of the corporation. The principal office of a corporation, which constitutes its residence or domicile, is not to be determined by the amount of business transacted here or there, but by the place designated in the certificate. True, several offices may be established at the place specified in the certificate, as it is sufficient, under this
 
 *441
 
 statute, to specify the ‘ county
 
 or
 
 place. ’ But where a single office is established in the county, or township, or city, or other place designated, no further inquiry as to the identity of the principal office is admissible. And, as the statute does not require the office building to be specified, it is competent for the corporation to transfer its principal office from one building to another, within the specified county or place, whenever its own convenience or advantage may be subserved. No doubt the exact location of the office should be open and notorious, so that a secret or fraudulent removal would not avail any purpose, yet the particular motive in making the change is not material, as, for instance, whether it was done to avoid taxation. If a natural person may change his residence for such purpose (and of this there can be no doubt), we see no reason why a corporation may not do the same. Such removal is not a fraud against tax laws, unless so declared by express legislation.”
 

 That decision still remains as the law of Ohio on the questions there covered; and it is fairly conceded by counsel for the auditor in these cases that, unless this court is disposed to modify the decision in the
 
 Pelton case,
 
 that case is a controlling authority in disposing of these actions. All Legislatures since the decision in the
 
 Pelton case
 
 have been fully advised of the interpretation there put upon the statutes relating to this subject. The whole corporation law of Ohio has recently been rewritten with the greatest care that could possibly be given the subject. The enactment was framed by capable lawyers appointed as a committee by the state bar association, and it may well be doubted whether
 
 *442
 
 any other piece of legislation in many years has ever had more thorough attention by the lawyers, legislators, judges, and the people in general than this recent re-enactment of the corporate laws of Ohio. It must be assumed that the listing and taxing of corporate property had the fullest consideration and the most deliberate attention; and we still have in the new, enactment the requirement that persons desiring to incorporate must state where the principal business office of the company is to be located, and that that shall be an integral part of the charter issued by the state to the body corporate.
 

 The arguments of counsel indicate that a very industrious survey has been made of the whole field of the law for decisions supporting the contentions of the relator in this case, and many of the decisions presented, both state and federal, do tend to sustain the contentions of the relator. These decisions have been carefully considered. This court, however, sees no occasion to modify the decision in the case of
 
 Pelton
 
 v.
 
 Transportation Co., supra.
 

 It therefore follows that the judgments of the court of common pleas and the appellate court must be affirmed, and the relief in mandamus sought must be denied, and such will be the order of this court.
 

 Writ denied and judgment affirmed.
 

 Marshall, C. J., Day, Robinson, Jones and Matthias, JJ., concur.