Strafford,
June 3, 1930.

GENERAL MOTORS ACCEPTANCE CORPORATION & a.
*v.*
BRACKETT & SHAW COMPANY.

*Hughes & Burns*, for the plaintiff.

*Albert P. Sherry*, for the defendant.

MARBLE, J. The interest of the General Motors Acceptance Corporation does not appear from the reported facts but is assumed to be that of the vendor, since the petition alleges that the balance due on the purchase price is "payable at the office of the General Motors Acceptance Corporation, said corporation having financed the purchase of said car."

Section 27 of chapter 216 of the Public Laws provides that "no lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser," with certain exceptions not material to the present controversy, "shall be valid against attaching creditors, or subsequent purchasers without notice, unless the vendor of such property takes a written memorandum, signed by the purchaser, witnessing the lien, the sum due thereon and containing an affidavit as provided" in section 28, "and causes such memorandum to be recorded in the town clerk's office."

Section 28 requires each vendor and purchaser to make and subscribe an affidavit to the effect that the memorandum "is made for the purpose of witnessing the lien and the sum due thereon as specified in said memorandum, and for no other purpose whatever, and that said lien and the sum due thereon were not created for the purpose of enabling the purchaser to execute said memorandum, but said lien is a just lien, and the sum stated to be due thereon is honestly due thereon and owing from the purchaser to the vendor."

Unless, in the absence of notice, the memorandum shows "that each party made and subscribed the requisite oath, the lien attempted to be retained cannot be enforced against a subsequent purchaser from or attaching creditor of the conditional purchaser in possession (P. S., c. 140, ss. 6, 12, 23, 24; *Lovell* v. *Osgood*, 60 N. H. 71; *Stone* v. *Marvel*, 45 N. H. 481); for it is the intent of the statute 'that an inspection of the record should inform all parties whether the' memorandum 'had been legally executed.' *Stone* v. *Marvel*, 45 N. H. 481, 482." *Churchill* v. *Demeritt*, 71 N. H. 110, 111, 112.

This construction has received legislative approval by the reënactment of the statute without change. *Peaslee* v. *Evans*, 82 N. H. 313, 316; *Waterman* v. *Lebanon*, 78 N. H. 23, 24, and cases cited.

While the cases are not in agreement on the subject, clearly the better rule required the vendor in the present case "to see that all of the prerequisites of a valid and complete recordation" were complied with. 23 R. C. L. 224. And the mistake of the town clerk, being a material one, invalidated the record as notice. Jones, Chattel Mort. (5th *ed.*), *s.* 273.

"A record is a constructive notice only when and so far as it is a true copy, substantially even if not absolutely correct, of the instrument which purports to be registered, and of all its provisions. Any material omission or alteration will certainly prevent the record from being a constructive notice *of the original instrument*, although it may appear on the registry books to be *an* instrument perfect and

operative in all its parts. The test is a plain and simple one. It is, whether the record, if examined and read, . . . would be an *actual* notice . . . of the original instrument and of all its parts and provisions." 2 Pom., Eq. Jur. (4th *ed.*), *s.* 654. "The registry is notice of no other facts than those that appear upon the record." *In re A. E. Savage Baking Co.*, 259 Fed. Rep. 976, 979.

It is true that where the requirement that certain proceedings be recorded is merely directory, the neglect of the recorder to make a proper record will not affect the validity of the proceedings. *Converse v. Porter*, 45 N. H. 385; *Randall v. Conway*, 63 N. H. 513. Similarly it has been held that where by statute a deed is operative as a record from the time it is filed for record, no error of transcription can prejudice the grantee or mortgagee. Under such circumstances the mortgagee "is regarded as having discharged his entire duty when he has delivered his mortgage, properly executed and acknowledged, to the recording officer." 1 Jones, Mort. (8th *ed.*), *s.* 636.

In *Converse v. Porter*, *supra*, a town clerk failed to make a record of the report of selectmen respecting the location of a schoolhouse. The court, after declaring that the recording of the report was no part of the selectmen's duty and that consequently the validity of the location ought not to be affected by the clerk's neglect, refers (*p.* 399) to the "case of deeds and other conveyances of land" as "in point." Concerning such conveyances it is said that "although the statute requires them to be recorded, yet, if they are lodged in the registry with the purpose of having them immediately recorded, the vendee's title will not be postponed by an omission of the register to record the same until after a subsequent attachment or conveyance."

This statement is unnecessary to the decision of the case and is not warranted by the language of the statute governing the registration of deeds. R. S., *c.* 22 [P. L., *c.* 40]. So far, therefore, as the case is authority for the proposition that the person who files a document for record is exempt from prejudice on account of any error or omission on the recorder's part, it is overruled. Of course this does not mean that such person has no protection in the interim between filing and transcription if the requisites as to indexing, etc., are properly observed. P. L., *c.* 40, *ss.* 3, 4; P. L., *c.* 216, *s.* 22.

The finding that both the vendor and acceptance corporation were justified in assuming that the contract had been recorded is understood to mean that they did all that reasonable men would have done in the same situation. Nevertheless their assumption did not affect the defendant's right to rely on the actual record.

Section 12 of chapter 140 of the Public Statutes [P. L., *c.* 216, *s.* 16] relating to chattel mortgages is strictly construed in *Kendall* v. *Hastings*, 81 N. H. 280. *Plummer*, J., there says: "The finding of the court 'that the plaintiff did all that a reasonable man would do to record his mortgage,' cannot affect the case. There is nothing in the statute, or in any case decided under it, which warrants a ruling that, if a person exercises reasonable care in securing the record of a mortgage, it shall be treated as recorded, even though it has not actually been placed on record. The statute is definite and specific, and must be complied with."

The section relating to conditional sales is equally explicit, providing in express terms that no lien shall be valid against attaching creditors unless the vendor causes the memorandum to be recorded. Since, as already noted, inspection of the record is intended to give accurate information to all interested parties (*Churchill* v. *Demeritt*, 71 N. H. 110, 111, 112), the burden of seeing that the memorandum is correctly transcribed is obviously placed upon the person whose duty it is to record it.

The justice of this requirement is apparent. "It would be an empty benefit, indeed, that would accrue to the buying public if the attempt to record were held to take the place of the record. The obligation rests upon the grantee to give the notice required by the law. He controls the deed; he can put it on record or not, as he pleases. He has the right and the opportunity to see that the work is done as he directs it to be done—in legal manner; no one else has this opportunity, and, if from any cause he fails to give the notice required by law, the consequences must fall on him. It may be a hardship, but where one of two innocent persons must suffer, the rule is that the misfortune must rest on the person in whose business and under whose control it happened, and who had it in his power to avert it. Any other rule would be abhorrent to our natural ideas of right, and would render perilous every business enterprise." *Ritchie* v. *Griffiths*, 1 Wash. 429, 434. See also *Foster* v. *Cramer*, 19 Col. 405, 407; *Hibbard* v. *Zenor*, 75 Iowa 471, 475; *Hill* v. *McNichol*, 76 Me. 314; *Terrell* v. *Andrew County*, 44 Mo. 309; *Potter* v. *Dooley*, 55 Vt. 512; 1 Jones, Mort. (8th *ed.*), *p.* 899, *note* 1; 23 R. C. L. 224, *notes* 16 and 17.

*Petition dismissed.*

All concurred.