### In re QUEEN CITY SHOE MFG. CORPORATION.

No. 4761.

District Court, D. New Hampshire.

Oct. 1, 1942.

J. Morton Rosenblum, of Manchester, N. H., for bankrupt.

Charles W. Tobey, Jr., of Concord, N. H., for creditors.

MORRIS, District Judge.

This is an involuntary petition in bankruptcy filed against the Queen City Shoe

Manufacturing Corporation, July 13, 1942. The petitioning creditors are as follows: Commonwealth Last Co., $131.25; Walter H. Michiels, $1,870.08; Public Service Co., of New Hampshire, $323.21.

On July 25, 1942, the Queen City Shoe Manufacturing Corporation filed an answer alleging that it should not be declared a bankrupt and praying that the creditors' petition be dismissed. The matter came on for hearing before the Court August 6, 1942. I find the following facts:

On March 12, 1942, the alleged bankrupt made an assignment to its attorney, J. Morton Rosenblum. The assignment was in the usual form. Walter Michiels and Public Service Company of New Hampshire, two of the petitioning creditors, assented in writing to the assignment.

■ This assignment was invalid to transfer title to the assignee until the same was recorded in accordance with the requirements of Chapter 9, Section 1, of the Session Laws of New Hampshire 1933.

One of the grounds alleged as a reason for dismissing the petition is that it avers that a common law assignment was made on the 13th day of March, when in fact no assignment was made on that date, but was made on the 12th day of March, 1942. Other grounds for dismissing the action are that two of the petitioning creditors had assented in writing to the assignment, and therefore were estopped from participating as creditors in the bankruptcy petition.

It appears that the assignment was in fact recorded March 13, 1942, as shown by the records of the City Clerk at the time the petition was filed. The assignee claims that this was an error as the assignment was delivered to the City Clerk's office late in the afternoon of March 12th. After the petition in bankruptcy was filed alleging an assignment on March 13, the assignee went to the office of the City Clerk and apparently satisfied him of the mistake and the date was changed on the record from March 13, to March 12. The only importance of the question is whether or not more than four months had elapsed after the assignment, before the bankruptcy petition was filed.

■■ I find that the change in the City Clerk's record was not made until after the petition in bankruptcy had been filed and the petitioning creditors had a right to rely on the record as the effective date of the assignment. The effective date of the assignment was the day it was actually spread upon the records. Section 3, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 21, sub. b; Kendall v. Hastings, 81 N.H. 280, 125 A. 484; General Motors Acceptance Corporation v. Brackett & Shaw Company, 84 N.H. 348, 150 A. 739, 70 A.L.R. 591; In re Brown Co., D.C., 14 F.Supp. 251.

■ It seems to make no difference whether the assignment was recorded March 12, or March 13, as four months from March 12th fell on Sunday July 12th and in accordance with the computation of time the date of the assignment would be excluded. Section 31 of the Bankruptcy Act, 11 U.S. C.A. § 54; In re Holmes, D.C., 165 F. 225; In re De Lewandowski, D.C., 243 F. 787; Dutcher v. Wright, 94 U.S. 553, 24 L.Ed. 130. I hold that under either method of computation the creditors' petition was filed in time.

Whether or not the two petitioning creditors, who have assented to the assignment, are estopped depends upon the construction of Section 59, Sub. h, of the Bankruptcy Act of 1938, 11 U.S.C.A. § 95, sub. h, which provides that: "A creditor shall not be estopped to act as a petitioning creditor because he participated in any prior matter or judicial proceeding, having for its purpose the adjustment or settlement of the affairs of the debtor or the liquidation of his property, or to allege such prior matter or proceeding as an act of bankruptcy, unless he has consented thereto in writing with knowledge of the facts, if any, which would be a bar to the discharge of the debtor under this Act [title]."

Counsel for the alleged bankrupt contends that under the present Chandler Act the law is that there are two classes of cases where a petitioning creditor is barred from joining in a bankruptcy petition, (1) where the creditor assents to an assignment with knowledge of facts, if any, which would bar the bankruptcy discharge, and (2) where the petitioning creditor assents to an assignment and there are no facts which would bar the bankrupt's discharge. He argues that the present case falls within class 2 as the evidence established that the two petitioning creditors assented in writing to the assignment and there was no evidence of any facts which would bar the bankrupt's discharge.

■■ I cannot agree with this construction of the statute. There is only one condition which would bar a creditor from joining in a petition in bankruptcy after having assented in writing to a common law as-

signment and that is when there are facts existing which would bar a bankrupt from obtaining a discharge and a petitioning creditor has knowledge of that fact. The statute seems to be so worded as to prevent a creditor, who has knowledge that a bankrupt cannot obtain a discharge, from forcing him into bankruptcy. There are no facts existing in the present case that would indicate that the alleged bankrupt cannot obtain a discharge if his affairs are settled through the processes of the bankruptcy court.