## QUEEN CITY SHOE MFG. CORPORATION v. COMMONWEALTH LAST CO. et al.
### No. 3840.

Circuit Court of Appeals, First Circuit.

April 1, 1943.

J. Morton Rosenblum, of Manchester, N. H., and Walter M. Espovich, of Haverhill, Mass., for appellant.

Bernard A. Riemer, of Boston, Mass., and Charles W. Tobey, Jr., of Concord, N. H., for appellees.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

PETERS, District Judge.

The appellant was adjudicated a bankrupt by the district court on the petition of three creditors, two of whom had previously assented in writing to a general assignment for the benefit of creditors, executed by the debtor, which was the sole act of bankruptcy relied upon in the petition.

The appellant answered the involuntary petition and moved to dismiss it because of the participation of two of the three creditors in the prior proceeding having for its purpose the adjustment of the affairs of the debtor. This motion was denied by the district court on the ground that the Chandler Act, by Section 59, sub. h, 11 U.S.C.A. § 95, sub. h, had removed the disqualification which might otherwise have estopped the two creditors in this case from acting as such in the involuntary bankruptcy proceeding and construed Section 59, sub. h, when applied to the admitted facts, as permitting these creditors to join in this bankruptcy petition. Section 59, sub. h, reads as follows:

"A creditor shall not be estopped to act as a petitioning creditor because he participated in any prior matter or judicial proceeding, having for its purpose the adjustment or settlement of the affairs of the debtor or the liquidation of his property, or to allege such prior matter or proceeding as an act of bankruptcy, unless he has consented thereto in writing with knowledge of the facts, if any, which would be a bar to the discharge of the debtor under this Act [title]."

It was admitted that there were no facts in this case which would be a bar to the discharge of the debtor under the Bankruptcy Act.

We think the district court fell into error when it said, in construing the statute:

"There is only one condition which would bar a creditor from joining in a petition in bankruptcy after having assented in writing to a common law assignment and that is when there are facts existing which would bar a bankrupt from obtaining a discharge and a petitioning creditor has knowledge of that fact." [46 F.Supp. 961, 962.]

This ruling limits the estoppel effect of the assent in writing to a case where there are existing facts which would bar a discharge; in effect, requiring for estoppel a combination of three facts, (1) the assent in writing, (2) facts present which would prevent a discharge and (3) knowledge by the creditor of those facts. The situation surrounding the passage of the legislation shows no indication that Congress intended by it to make a distinction between cases where the debtor can ultimately get his discharge and where he cannot.

Before the passage of the Chandler Act the practice and the decisions were not uniform in respect of the status of a petitioning creditor who had, previous to the institution of the involuntary bankruptcy, assented to or participated in other proceedings for the settlement of the affairs of the debtor, such as a receivership or an assignment for the benefit of creditors. Mr. Chandler, Chairman of the Committee, in making his report on the Bill, referring to the Section in question, stated that the new Section 59, sub. h * * * "is designed to make definite the consent of any creditor to an equity receivership or an assignment for the benefit of creditors where it is afterwards claimed that he is estopped to use the same as an act of bankruptcy because he previously consented.

The present practice is very loose, and the mere sending of a statement of account to a receiver or an assignee has been construed to constitute such consent as to prevent that creditor from becoming a petitioner in a subsequent involuntary petition." House Hearings on H.R. 6439, 75th Congress, 1st Session Committee Report No. 1409.

To correct that particular loose practice the Chandler Act provided that thereafter a creditor should not be estopped unless his consent to the prior proceeding was in writing. It will be noted that the language is negative in character. It does not purport to codify the applicable law of estoppel. The prior law was and is that "a creditor who has assented in writing to the terms of a common-law assignment for the benefit of creditors is not entitled ordinarily to join in an involuntary petition alleging, as the sole act of bankruptcy, the making of the general assignment to which he has expressly assented." Moulton v. Coburn et al., 1 Cir., 131 F. 201, 203, certiorari denied 196 U.S. 640, 25 S.Ct. 796, 49 L.Ed. 631.

Obviously, that principle should be applied here and the appellees disqualified from acting as petitioning creditors, unless the language of the last part of Section 59, sub. h, has limited the effect of a creditor's prior written assent to an assignment to the special case where there are facts existing which will prevent a discharge of the debtor. We think the language should not be so construed. We believe it was the intention of Congress by this language merely to protect a creditor from possible bad faith of the debtor by saying, in substance, that the creditor shall not be estopped by his action in assenting to the assignment, even when in writing, if he did so in ignorance of existing facts which would prevent a discharge of the debtor. If there are no such facts the language does not apply.

Moulton v. Coburn, supra, was decided on the principle of election of remedies. A creditor of a bankrupt should not be held to a choice of methods of protecting his rights if he made the choice in ignorance of wrongful acts of the debtor which materially affected the rights of creditors. The court said, in that case:

"It must be assumed that the assenting creditor had knowledge of his rights under the bankruptcy act, and voluntarily chose to assent to the terms of the assignment in preference to exercising his rights under the act."

424

The language in Section 59, sub. h, makes the assumed fact a statutory requisite to estoppel. If a bankrupt, for instance, has made a fraudulent conveyance of assets (a fact which would bar a discharge) a creditor should not be precluded from having that fact investigated in bankruptcy, with the aid of the machinery therein provided for reaching and distributing assets, unless he waived his right to do so with knowledge of the facts—facts which would naturally be well known to the debtor. In re Curtis et al., 7 Cir., 94 F. 630. See Collier on Bankruptcy, 14th Ed. pp. 656–657.

In the case before us it does not appear that the assent to the assignment for the benefit of creditors was signed under any circumstances, statutory or otherwise, which would prevent its having the usual effect, which was to disqualify the creditors who had so signed from acting as petitioning creditors in the subsequent involuntary petition in bankruptcy.

We conclude that the motion of the appellant in the district court to dismiss the involuntary petition should have been granted. The appeal is sustained with costs.

The judgment of the District Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.