### DAVIS v. SHERIFF.
#### No. 1052.

Municipal Court of Appeals for the District of Columbia.

Argued April 30, 1951.

Decided June 1, 1951.

3. See Keroes v. Richards, 28 App.D.C. 310; Annotations, 45 A.L.R. 12 and 106 A.L.R. 1358.

Harry E. Cunningham, Washington, D. C., for appellant.

James E. Shifflette, Washington, D. C., with whom Norman E. Sill, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Melbourne Hughes purchased four dump trucks from the appellee, Sheriff Motor Company, under a conditional sales contract. The trucks were used by the purchaser to remove topsoil from appellant Davis' property in Virginia. Davis was not paid for the topsoil and brought suit against Hughes in the Municipal Court. Hughes, being a resident of Arlington County, Virginia, three of the four trucks were seized under a writ of attachment before judgment. Sheriff Motor Company thereupon filed a petition for trial of right of property naming Davis as defendant and claiming title to the trucks under the conditional sales contract.[1] Davis denied that the Motor Company was the record holder of any lien against the trucks and, therefore, that the action should be dismissed. The trial court ordered the U. S. Marshal to return the trucks to the Motor Company. Davis appeals.

Hughes had a contract with the Federal Government to furnish topsoil in connection with a road project. Davis agreed to sell the topsoil to Hughes. Two days after the agreement for the sale of the trucks was signed, Sheriff Motor Company wrote a letter to Davis. The letter stated that the Motor Company had agreed to sell Hughes four trucks to be used in connection with the contract which the latter had with the Government; that it had been arranged that payments which Hughes was to receive from this Government contract were to be deposited to the joint account of Sheriff Motor Company and Hughes; that disbursements from this account were to require the signatures of Henry E. Sheriff, owner of the Company, and Hughes; and that the purpose of the letter was to inform Davis of this procedure and to assure him that payment for his topsoil would be made out of this joint fund. The letter did not identify the trucks nor mention a conditional sales agreement.

On the back of the conditional sales contract given the Motor Company at the time of the sale was a purported assignment for value by the Motor Company to Yellow Manufacturing Credit Corporation, 1775 Broadway, New York, N. Y. However, it was stipulated at the trial of this action that the conditional sales agreement was never actually assigned by the Motor Company to this purported assignee. Hughes registered the trucks with the Division of Motor Vehicles in Richmond, Virginia. Each application for certificate of title, introduced in evidence, described Sheriff Motor Company as the seller and showed a first lien in the amount of $7,485.03 in favor of the Yellow Manufacturing Credit Corporation. The contract was not otherwise recorded either in the District of Columbia or in Virginia.

Davis alleges that prior to the attachment he had no knowledge that Sheriff Motor Company had reserved liens on the trucks. He learned from the Division of

1. Code 1940, § 11–744 provides: "When personal property taken on * * * process issued by the municipal court is claimed by a person other than the defendant therein, * * * and such claimant shall give notice, in writing, to the marshal of his claim, * * * the marshal shall notify the plaintiff of such claim and return said notice to the court, and a trial of said right of property * * * shall be had before said court."

Motor Vehicles in Richmond that the trucks had been sold by the Motor Company to Hughes and that liens of $7,485.03 secured by a conditional sales agreement were recorded in favor of the Yellow Manufacturing Credit Corporation. He then wrote to that corporation and inquired as to the status of these recorded liens. In reply, he was informed that "We have not financed this equipment nor is there any balance due us in connection with same." Davis then filed suit against Hughes and caused to be issued the writ of attachment.

The trial court made a general finding for the Motor Company and no reasons were assigned for the ruling. However, the sole question presented by the pleadings and evidence was as to the necessity and sufficiency of notice to Davis of the Motor Company's liens.

Appellant contends that because the conditional sales agreement provided that the trucks when not in use were to be kept in Arlington County, Virginia, the law of Virginia should govern the requirements of recording. We agree. Where a vendor of personal property, reserving title under a conditional sales contract, knows that the property is to be taken from one state into another and there used and retained, his lien, as to third parties, is subject to the recordation laws of the state to which the property is taken.[2] It is also appellant's contention that appellee's title to the trucks reserved under the conditional sales contract was not properly recorded in Virginia and that he had no notice of such reserved title prior to the levy of attachment.[3]

Title 46, Section 69 of the Code of Virginia 1950 provides that: "The Division [of Motor Vehicles] upon receiving an application for a certificate of title to a motor vehicle, trailer or semi-trailer showing liens or encumbrances upon such motor vehicle, trailer or semi-trailer shall, upon issuing to the owner thereof a certificate of title therefor, show upon the face of the certificate of title all liens or encumbrances disclosed by such application. All such liens or encumbrances shall be shown in the order of their priority, such priority being according to the information contained in such application."

Section 71 provides: "Such certificate of title, when issued by the Division showing a lien or encumbrance, shall be deemed adequate notice to the Commonwealth, creditors and purchasers that a lien against the motor vehicle exists and the recording of such reservation of title, lien or encumbrance in the county or city wherein the purchaser or debtor resides or elsewhere is not necessary and shall not be required. Motor vehicles, trailers or semi-trailers registered or for which a certificate of title shall have been issued under this title shall not be subjected to, but shall be exempt from, the provisions of §§ 55–88 to 55–90 and 55–152, nor shall recordation of such lien in any other place for any other purpose be required or have any effect."

In order that a reservation of title under a conditional sales contract be superior to the lien of an attaching creditor without notice, where the situs of the property is in Virginia, it is necessary that there be a recordation under the above quoted provisions.[4] No other recording is necessary.

It is clear that the Motor Company did not comply with the Virginia statute in order to protect its liens. Liens on the vehicles were recorded in favor of the Yellow Manufacturing Credit Corporation only.

2. Hervey v. Rhode Island Locomotive Co., 93 U.S. 664, 23 L.Ed. 1003; Meyer Herson Auto Sales Co. v. Faunkhauser, 62 App.D.C. 161, 65 F.2d 655; Smith's Transfer & Storage Co., Inc. v. Reliable Stores Corp., 61 App.D.C. 106, 58 F.2d 511; Annotations, 25 A.L.R. 1153, 57 A.L.R. 535, 87 A.L.R. 1308, 148 A.L.R. 375.

3. The conditional sales agreement was dated July 24, 1950. The attachment was levied on January 16, 1951. The record does not disclose why the trucks were in the District of Columbia on that date.

4. C. I. T. Corp. v. W. J. Crosby & Co., 175 Va. 16, 7 S.E.2d 107; C. I. T. Corp. v. Guy, 170 Va. 16, 195 S.E. 659; Maryland Credit Finance Corp. v. Franklin Credit Finance Corp., 164 Va. 579, 180 S.E. 408.

We find nothing in the record to put defendant on notice of the lien in favor of plaintiff. As a matter of fact, by stating that the conditional sales contract was in favor of the Credit Corporation, plaintiff actually misled defendant. It has been stated that the power of one who records an instrument to impose upon third persons dealing with the property the duty of searching elsewhere for matters pertinent to the instrument recorded is, and clearly ought to be, limited.[5]

Moreover, by writing to Davis immediately after selling the trucks to Hughes, not mentioning any conditional sales contract, but giving assurance that arrangements had been made whereby Davis would be paid for his topsoil could only have been intended to lull the latter into a false sense of security. We believe Davis did everything a reasonable person should have done to obtain information and that the Motor Company not having recorded its lien in accordance with law must suffer the consequences.

It is a well established and sound rule of law that where one of two innocent persons must suffer, the misfortune should rest on the person responsible for a fault and who had it in his power to avert it.[6]

Reversed.

---

5. 2 Pomeroy's Equity Jurisprudence § 654 (5th Ed. 1941).

6. General Motors Accept. Corp. v. Brackett & Shaw Co., 84 N.H. 348, 150 A. 739, 70 A.L.R. 591.