**In the Matter of the CHOMES COM-PANY, Inc., Alleged Bankrupt.**

No. 65-281.

United States District Court
D. Massachusetts.

June 8, 1965.

Donal O'Callaghan, Boston, Mass., for petitioning creditors.

Sidney J. Kagan, Boston, Mass., for alleged bankrupt.

CAFFREY, District Judge.

This matter is before the Court upon the alleged bankrupt's motion for judgment on the pleadings.

On March 12, 1965 the petitioning creditor, Hydrometals, Inc., filed an involuntary petition seeking to have the debtor, The Chomes Company, Inc., adjudicated bankrupt. In paragraph 4 of the original petition it is alleged that an act of bankruptcy was committed on January 29, 1965 in that the debtor permitted a creditor to obtain a lien while the alleged bankrupt was insolvent. The lien was obtained by the creditor through the institution of legal proceedings in Suffolk Superior Court by a writ dated December 31, 1964 and was not vacated or discharged within thirty days from that date.

The debtor filed its motion for judgment on the pleadings on the ground that the petitioning creditor is estopped from setting up the failure to discharge or vacate the lien as an act of bankruptcy. The debtor relies on In re Maryanov, 20 F.2d 939 (E.D.N.Y.1927); In re Weiss, 142 F. 279 (E.D.Pa.1905); Queen City Shoe Mfg. Corp. v. Commonwealth Last Co., 134 F.2d 422 (1 Cir. 1943); and Collier on Bankruptcy, 14th ed., Vol. 3, page 680.

Some cases enunciate the general principle that a petitioning creditor may not assert as an act of bankruptcy on the part of a debtor conduct in which that creditor has participated or has induced. These cases have relied on concepts of estoppel, waiver, election of remedies, and the legal principle *volenti non fit injuria*, to obviate the use of an alleged act of bankruptcy sought to be relied on by creditors in specific fact situations in which the court felt that the creditors would thereby gain an unfair advantage.

Whatever the soundness of those decisions with respect to the alleged acts of bankruptcy and the particular fact situations of those cases, their reasoning does not properly apply to the facts of this case. Underlying the apparent conflict in some of the decisional law and the differences of position taken by the accepted authorities in the field (see 1 Remington, Bankruptcy (5th ed.) 1950, sec. 206, page 314; and MacLachlan, Bankruptcy, 1956, sec. 60, pages 50–51) is the

failure to distinguish whether the function of an act of bankruptcy, if proven and thereafter utilized as a basis for adjudication, is to proscribe punishable conduct, provide a remedy for a private wrong, or identify the symptoms of insolvency. See Countryman, Cases and Materials on Debtor and Creditor, 1964, page 347.

On the facts of this case the primary function of determining the existence or non-existence of an act of bankruptcy is the evidentiary role it plays. There is nothing misleading, inequitable, or inconsistent involved in allowing a petitioning creditor to point out a debtor's failure to vacate his lien as some evidence of insolvency. Such conduct by a petitioner does not contain traditional grounds for estoppel. See In re Leveen, 122 F.Supp. 28, 30 (D.Mass.1954), aff'd sub nom. Capital Finance Corp. v. Leveen, 1 Cir., 217 F.2d 36. This disposition of the matter does not overlook the necessity in appropriate cases of controlling by appropriate remedial sanctions the danger of inequitable conduct being visited against a vulnerable debtor. Thus, if it were to appear (as it does not here) that a petitioning creditor was the sole creditor and had brought about bankruptcy proceedings simply for his own unilateral advantage, then estoppel or other equitable techniques could be utilized to prevent such an abuse of the bankruptcy process. Likewise, if it appeared (as it does not here) that a creditor had filed an involuntary proceeding either solely for collection purposes or to utilize federal discovery or to harass a debtor, equitable remedies could be applied. The same is true if it appeared (as it does not here) that the proceedings amounted to the application of economic duress to wring concessions from a debtor.

If debtor is adjudicated a bankrupt upon remand, petitioning creditor has stated on the record that it will surrender its lien. Thus, on the facts of this case it will retain no undue advantage or benefit. See, also, Section 67, sub. a(1) of the Act.

The more definite statement filed by the petitioning creditor makes it clear that the second alleged act of bankruptcy even if proved would not establish that the bankrupt conveyed, transferred, concealed, removed, or permitted to be concealed or removed, any part of *its* property with intent to hinder, delay, or defraud its creditors. See Capital Finance Corp. v. Leveen, 217 F.2d 36, 38 (1 Cir. 1954).

The motion for judgment on the pleadings is denied and the matter referred back to the Referee as special master for determination of the remaining issues.