## In re WILSHIRE FROCKS, Inc.

District Court, S. D.. New York.
June 20, 1942.

Nachamie & Benjamin, of New York City, for alleged bankrupt.

Hahn & Golin, of New York City, for petitioning creditors.

BRIGHT, District Judge.

This proceeding was instituted by the filing on May 12, 1942, of a petition in involuntary bankruptcy, signed by Mill Factors Corp., United Factors Corp., and Commercial Factors Corp., all of whom are assignees of claims against the alleged bankrupt. The answer was filed on June 18, 1942.

The petitioning creditors move to strike out the answer as sham and for an adjudication, and the alleged bankrupt counters with a motion to compel the petitioning creditors to reply to the defense alleged in the answer.

The petition alleges that while insolvent, and within four months preceding the filing of the petition, the alleged bankrupt committed an act of bankruptcy, in that on or about January 23, 1942, it made an assignment for the benefit of creditors to New York Credit Men's Association, which assignment was recorded in the New York County Clerk's office on January 24, 1942.

The answer denies that it has committed any such act of bankruptcy, and alleges as a defense, that the petitioning creditors at all times in question, were members of the New York Credit Men's Association; that prior to January 12, 1942, they attended a meeting of creditors of the alleged bankrupt, at which a committee was selected by them and other creditors, to act in their behalf with reference to the affairs of the alleged bankrupt; that they accepted membership on that committee, and actively participated in all steps thereafter taken by the committee and its members; that the committee and petitioners advised, urged, induced and demanded that the alleged bankrupt execute and deliver the assignment in question, to the assignee designated by them and who was their agent and alter ego, they accepted and caused the assignee to accept and record the same and proceed thereunder; that thereafter, a sale was conducted, and other customary steps taken, all with the active participation, judgment and consent of the petitioners.

It is now urged that because of their action, the petitioning creditors are estopped and disqualified from instituting and carrying on this proceeding.

The denial of the alleged act of bankruptcy is obviously of no avail, in view of the admission in the answer that it was actually accomplished. The sole question, therefore, is whether the defense is sham.

It is provided in Section 59, sub. h, Bankr. Act 11 U.S.C.A. § 95, sub. h, that the "creditor shall not be estopped to act as a petitioning creditor because he participated in any prior matter or judicial proceeding, having for its purpose the adjustment or settlement of the affairs of the debtor or the liquidation of his property, or to allege such prior matter or proceeding as an act of bankruptcy, unless he has consented thereto in writing with knowledge of the facts, if any, which would be a bar to the discharge of the debtor under this act [title]".

 I have not found any case authority decisive of the question involved here, nor have counsel submitted any. If the allegations in the defense are true, and I believe they must be taken so to be on this motion, they present an active participation by the petitioning creditors in the very act which they now claim was an act of bankruptcy, and an acquiescence in that act and what was done under it for almost four months before filing the present petition. I cannot say, therefore, that the allegations of the defense are not sufficient to present the issue. Collier on Bankruptcy, 14th Ed., Section 59.39 et seq.

 There can be no question but that the petitioners had full knowledge of the fact; it is alleged that they were at all times participants in all that was done. It is not necessary that there be an express allegation that they had knowledge, if the facts showing knowledge are otherwise sufficiently averred. I think too, the issue of whether they consented in writing is also presented by the defense. It is alleged that the association, the assignee for the benefit of creditors, was the alter ego agent and representative of the petitioning creditors. What it did in writing would, therefore, be their act, but I do not think, in view of the allegations of what the petitioners did, it was necessary for them to give their consent in writing. There is a real doubt in my mind as to whether the section of the Bankruptcy Act quoted was intended to apply to the situation here revealed.

The motion of the petitioning creditors is, therefore, denied. I do not see the necessity of compelling a reply, and the motion of the alleged bankrupt will also be denied. Settle orders on notice.