Samuel DINERMAN, Petitioning Creditor, Appellant,

v.

BOWLEY & TRAVERS, INC., Alleged Bankrupt, Appellee.

No. 195, Docket 27227.

United States Court of Appeals Second Circuit.

Argued Jan. 8, 1962.

Decided April 13, 1962.

Ralph Heyman, Brooklyn, N. Y., for petitioning creditor, appellant.

Charles Sutton, Brooklyn, N. Y. (Bonom & Wolfson, Brooklyn, N. Y., on the brief), for alleged bankrupt, appellee.

Before LUMBARD, Chief Judge, and CLARK and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

This appeal presents the question whether a creditor who, in his role as a director of and a stockholder in the debtor, induces the debtor to make a general assignment for the benefit of creditors is precluded from filing a petition in bankruptcy alleging the general assignment as an act of bankruptcy. We hold that he is.

On January 27, 1959, Harold Bowley and James Travers (herein the sellers) sold an insurance brokerage business to Bowley & Travers, Inc. (herein B & T)

for $32,500, $10,000 in cash and a series of promissory notes for the balance. All the stock of B & T was issued to Irving Dinerman but his brother, Samuel Dinerman, had a 25% interest therein. The stock was deposited in escrow as security for the payment of the purchase price.

B & T defaulted in payment of the note which became due on July 26, 1960 and the default continues. After stalling the sellers' attempts to regain possession of the B & T stock held in escrow, B & T's board of directors, of which Samuel and Irving Dinerman were members, orally voted on December 27, 1960 to execute a general assignment for the benefit of creditors. The Dinerman brothers then resigned as officers and directors. At the shareholders' meeting held the same evening as the directors' meeting, the Dinermans voted for the assignment, and it was made on January 3, 1961. Since the Dinerman brothers were no longer officers of the corporation, they did not sign the general assignment. On January 9, 1961 Samuel Dinerman, who was also a creditor of B & T, filed an involuntary petition in bankruptcy against B & T, alleging the general assignment as the act of bankruptcy.

B & T, now under the sellers' control, alleges that the Dinermans have misappropriated B & T's assets, and resists the bankruptcy proceedings on two principal grounds. First, it alleges that since Samuel Dinerman participated in the act of bankruptcy, he is estopped from acting as a petitioning creditor. Second, it alleges that the general assignment is invalid and that there has thus been no act of bankruptcy. Judge Bartels granted B & T's motion for summary judgment dismissing the petition, holding that Samuel Dinerman was disqualified as a petitioning creditor but making no finding as to whether the general assignment was valid or invalid. Samuel Dinerman appeals from Judge Bartels' order dismissing the petition in bankruptcy, and B & T cross-appeals from Judge Bartels' failure to find the general assignment invalid. Since we agree that Samuel Dinerman was disqualified

from acting as a petitioning creditor, we find it unnecessary to pass upon the validity of the general assignment.

Previous to 1938 there was no mention in the Bankruptcy Act that any creditor of a bankrupt might be precluded from acting as a petitioning creditor because of his previous activities. However, the courts early held that participation in a general assignment for the benefit of creditors might disqualify a creditor from initiating bankruptcy proceedings, but they disagreed on the extent of participation that was necessary to produce such disqualification. Some courts took the extreme view that filing a claim with the assignee was sufficient, In re Kootenai Motors Co., 41 F.2d 399 (D.Idaho 1930), while others required the filing of a claim plus the receipt of a dividend or passive acquiescence over some period when expenses were incurred or active participation in the assignment proceedings. E. g., Simonson v. Sinsheimer, 95 F. 948 (6 Cir. 1899); Ohio Motor Car Co. v. Eiseman Magneto Co., 230 F. 370 (6 Cir.), cert. denied, 241 U.S. 673, 36 S.Ct. 7, 24, 60 L.Ed. 1231 (1916); Utz & Dunn Co. v. Regulator Co., 213 F. 315 (8 Cir. 1914); In re McKinnon Co., 237 F. 869 (E.D.N.C.1916); see also Publishers Distributing Corp. v. J. Louis Motz News Co., 238 F.2d 617 (6 Cir. 1956) (*per curiam*). But the courts were virtually unanimous in holding that a creditor who participated in the act of bankruptcy itself, such as by inducing a general assignment, as contrasted with a creditor who merely participated in assignment proceedings already begun, was precluded from acting as a petitioning creditor. E. g., Clark v. Henne & Meyer, 127 F. 288 (5 Cir. 1904); In re Kupfer, 4 F. Supp. 688 (S.D.N.Y.1933); see also In re Taylor House Ass'n, 209 F. 924, 925 (N.D.N.Y.1913); Matter of Lucey Mfg. Co., 9 F.2d 313 (2 Cir. 1925).

In 1938 Congress added § 59, sub. h to the Bankruptcy Act.[1] 11 U.S.C.A. § 95, sub. h. This section does not define the conditions which would preclude a creditor from acting as a petitioning creditor but is framed negatively and merely states that in certain instances a creditor is not so precluded. In substance, it provides that no creditor is estopped from acting as a petitioning creditor or from alleging a general assignment as an act of bankruptcy "because he participated in" the general assignment proceedings "unless he has consented thereto in writing with knowledge of the facts, if any, which would be a bar to the discharge of the debtor." This provision was designed to overrule those cases which held that even creditors who had merely filed a claim with the assignee were estopped. See Queen City Shoe Mfg. Corp. v. Commonwealth Last Co., 134 F.2d 422 (1 Cir. 1943); 3 Collier on Bankruptcy, para. 59.36, at 635–636 and note 6 (14 ed.). But it was not intended to deal with those cases where the petitioning creditor had induced the general assignment itself. See 3 Collier on Bankruptcy, para. 59.36, at 636, para. 59.39, at 647–648 (14 ed.); In re Wilshire Frocks, Inc., 46 F.Supp. 377 (S.D.N.Y. 1942); Publishers Distributing Corp. v. J. Louis Motz News Co., supra. A creditor who initiates or procures a general assignment makes a choice between bankruptcy and assignment proceedings. It is not unfair to hold him to his choice by withholding from him the right to file a bankruptcy petition alleging the assignment which he induced as an act of bankruptcy. On the other hand, a creditor who merely files his claim with an assignee in a general assignment proceeding which has already been instituted cannot be said to have made the same free choice between bankruptcy and general assignment.

1. Section 59, sub. h: "A creditor shall not be estopped to act as a petitioning creditor because he participated in any prior matter or judicial proceeding, having for its purpose the adjustment or settlement of the affairs of the debtor or the liquidation of his property, or to allege such prior matter or proceeding as an act of bankruptcy, unless he has consented thereto in writing with knowledge of the facts, if any, which would be a bar to the discharge of the debtor under this act."

In the present case Samuel Dinerman voted for the general assignment both as a director and as a shareholder. He was one of the principal parties in inducing B & T to make the assignment. Having thus procured the assignment, he cannot complain of it now by alleging it as an act of bankruptcy. Whether we label this holding estoppel, see, e. g., Utz & Dunn Co. v. Regulator Co., supra, 213 F. at 317; In re Goldman-Rosenzweig Co., 65 F.2d 390 (2 Cir. 1933), or election of remedies, see, e. g., In re Curtis, 94 F. 630 (7 Cir. 1899); Moulton v. Coburn, 131 F. 201, 203 (1 Cir. 1904), cert. denied, 196 U.S. 640, 25 S.Ct. 796, 49 L.Ed. 631 (1905), or *volenti non fit injuria,* see Matter of Lucey Mfg. Co., supra; 3 Collier on Bankruptcy, para. 59.36, at 636 (14 ed.), Samuel Dinerman is disqualified from acting as a petitioning creditor.

Affirmed.